FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED
2006 DEC 14 A 10: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Name

   WILLIE McCRAY

Prison Number

   183709

   ELMORE CORRECTIONAL FACILITY

Place of Confinement

United States District Court   MIDDLE   District of ALABAMA

Case No.   1:06CV1107-WKW
(To be supplied by Clerk of U. S. District Court)

   WILLIE C. McCRAY   , PETITIONER
(Full name) (Include name under which you were convicted)

   WILLIE THOMAS, WARDEN   , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF   TROY KING

   , ADDITIONAL RESPONDENT.

   (if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies* must be mailed to the Clerk of the United States District Court whose address is P. O. Box 711, Montgomery, Alabama 36101</u>

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  HOUSTON COUNTY CIRCUIT COURT, DOTHAN ALABAMA

2. Date of judgment of conviction  OCTOBER, 2000

3. Length of sentence  99 YEARS PLUS 20 YEARS  Sentencing Judge  JERRY M. WHITE

4. Nature of offense or offenses for which you were convicted:  FELONY MURDER AND THEFT OF PROPERTY FIRST DEGREE

5. What was your plea? (check one)
   (a) Not guilty ( X )
   (b) Guilty    (   )
   (c) Nolo contendere (   )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:  N/A

6. Kind of trial: (Check one)
   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial?  Yes (X)  No ( )

8. Did you appeal from the judgment of conviction?  Yes (X)  No ( )

9. If you did appeal, answer the following:
   (a) Name of court  ALABAMA COURT OF CRIMINAL APPEALS
   (b) Result  AFFIRMED
   (c) Date of result  NOVEMBER 21, 2001
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:  PETITION FOR WRIT OF CERT. DENIED

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes (X)  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court  CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
       (2) Nature of proceeding  POST CONVICTION RULE 32 PETITION

       (3) Grounds raised  THE TRIAL COURT ALLOWED THE INDICTMENT TO BE AMENDED WITHOUT PETITIONER'S CONCENT (2) allowing the state to use the word "INTENT" IN A FELONY MURDER TRIAL

       (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes (X)  No ( )
       (5) Result  PETITION DISMISSED
       (6) Date of result  APRIL 19, 2006
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court  N/A
       (2) Nature of proceeding

       (3) Grounds raised  N/A




       (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )  No ( )  N/A
       (5) Result
       (6) Date of result

(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court ____N/A_____
   (2) Nature of proceeding _____
                              N/A
   (3) Grounds raised_____
_____
_____
_____
_____
_____
_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )    N/A
   (5) Result_____
   (6) Date of result_____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.       Yes (X) No ( )
   (2) Second petition, etc.    Yes ( ) No ( )
   (3) Third petition, etc.     Yes ( ) No ( )
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
   I DID NOT APPEAL TO THE ALABAMA SUPREME COURT BECAUSE THE COUNSEL
   FILED AN ANDER'S BRIEF, AND MAIL THE COURT' OF CRIMINAL APPEAL'S DENIAL
   ORDER TO HIM TOO LATE TO FILE A REHEARING BACK IN THE COURT OF CRIMINAL
   APPEALS, OF ALABAMA, SO HE COULD GO TO THE ALABAMA SUPREME COURT:
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
XXXX (g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ SEE ATTACHMENT TO PETITION _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

B. Ground two: _____ SEE ATTACHMENT _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

    C.  Ground three: _____SEE ATTACHMENT_____

        Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

    D.  Ground four: _____

        Supporting FACTS (tell your story <u>briefly</u> without citing cases of law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _____
    ALL ISSUES WERE PRESENTED TO THE ALABAMA COURT OF CRIMINAL APPEALS, HOWEVER,
    GROUND NO; 3 WAS PRESENTED TO THE ALABAMA SUPREME COURT, ON DIRECT APPEAL

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____
    (b) At arraignment and plea  Joseph W. Lewis _____

    (c) At trial **Joseph W. Lewis**

    (d) At sentencing **Joseph W. Lewis**

    (e) On appeal JOSEPH W. LEWIS P.O. BOX 536 DOTHAN, ALABAMA 36302

    (f) In any post-conviction proceeding BRENT GOURLEY 128 SOUTH OATS STREET DOTHAN, ALABAMA 36301-1635

    (g) On appeal from any adverse ruling in a post-conviction proceeding: ATTORNEY GOURLEY FILED AN ANDERS BRIEF

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes (X) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( ) No (X)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____N/A_____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ( ) No ( ) N/A

    Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                            Signature of Attorney (if any)

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____.
                                                             (date)

                                            Signature of Petitioner

NO: TO BE SUPPLIED_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

---

WILLIE C. MCCRAY,
PETITIONER, AIS# 183709

V.S.

WARDEN, WILLIE THOMAS
RESPONDENT

---

BRIEF IN SUPPORT OF
28 U.S.C. 2254 PETITION

---

PETITION FROM THE DENIAL OF POST CONVICTION RULE 32 PETITION
FROM THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

CRIMINAL CASE NO: CC-94-791

COURT OF CRIMINAL APPEAL'S NO: CR-05-1474

---

WILLIE C. McCRAY AIS# 183709
ELMORE CORRECTIONAL FACILITY
P.O. BOX 8
ELMORE, ALABAMA 36025

STATEMENT OF THE CASE AND FACTS

Willie C. McCray, known herein after as the Petitioner, Petition this Honorable Court for relief from his Conviction and Sentence, from the Denial of his Post Conviction Rule 32 Petition, Pursuant to ALABAMA RULES OF CRIMINAL PROCEDURE, AS WELL AS HIS DIRECT Appeal, from the Circuit Court of Houston County, Alabama.

In August 1994 term of the Houston County Grand Jury, Petitioner was Indicted for the offense of Capitam Murder. (C25). The Petitioner was tried by a Houston County, Alabama Jury and convicted of of the lesser included offense of Felony Murder on September 6, 1995.

The Alabama Court of Criminal Appeals reversed the Judgement of the Trial Court on August 28, 1998 (C.29)

The Petitioner was retried in the Houston County Circuit court on October, 2000, without the Indictment ever being amended, with the Petitioner's concent, or, without the case ever going back before the Grand Jury. He was ultimately sentenced to 99 Years in the State Penitentiary, in addition to a 20 Year term for Theft of Property First Degree.

The Petitioner Appealed the Conviction/and Sentence of the Second Trial to the Alabama Court of Criminal Appeals, and was Denied relief, he was represented on Appeal by the Honorable Joseph W. Lewis of Dothan, Alabama.

On Appeal, The Attorney raised the Issue that, THE TRIAL COURT ERRED IN REFUSING TO GIVE A JURY INSTRUCTION ON MANSLAUGHTER, BECAUSE THERE WAS SUFFUCIENT EVIDENCE PRESENTED AT TRIAL TO SUPPORT A MANSLAUGHTER CONVICTION, PURSUANT TO THE PRECISE STATUTORY LANGUAGE SET FOURTH IN SECTION 13A-6-3 OF THE CODE OF ALABAMA, **AND PETITIONER WILL ADVANCE THAT ISSUE IN THIS PETITION FOR WRIT OF HABEAS CORPUS.**

On January 23, 2006 Petitioner filed his first Rule 32 Petition wherein, he alleged that THE TRIAL COURT ERRED BY ALLOWING THE INDICTMENT TO BE AMENDED AND, ALLOWING THE STATE TO USE THE WORD "INTENT" in any of it's forms in a Felony Murder RETRIAL.

The Petitioner's Court Appointed CounselBRENT HOWARD GOURLEY OF DOTHAN, ALABAMA APPEARED TO BE FILING AN Appellate Brief, however, with all the language, it is an Anders Brief, or a BRIEF FILED IN BEHALF OF THE ALABAMA STATE ATTORNEY GENERAL'S OFFICE:

-1-

STATEMENT OF THE CASE & FACTS CONTINUE

   When Attorney Gourley sent the Petitioner the Order of the Alabama Court of Criminal Appeals, it was too late for him to file an Application for Rehearing, or file a Petition for Writ of Certorari to the alabama supreme Court.

   This Habeas Corpus Petition, contains Issues from the Denial of the Rule 32 Petition, and from the Direct Appeal from the Conviction/Sentence in this Case;

GROUND NO: 1

**PETITIONER WAS TRIED AND CONVICTED ON AN ILLEGAL INDICTMENT**

Willie McCray was originally tried and convicted of Capital Murder, on September 6, 1995, and the Trial Jury returned a Guilty verdict of the leser offense of Felony Murder, and he was sentenced to Life in Prison without the possibility of Parole, due to his Prior felony convictions.

After the Conviction/sentence, McCray filed a Pro-Se Appeal, and presented a Batson claim, and the alabama Court of Criminal Appeals reversed and Remanded the case back to the Circuit Court for a New Trial, McCRAY V. STATE, 738 So. 2d 911 (Ala. Crim. app. 1998), reh. denied, cert. denied (Ala. 1999).

At the Retrial, the circuit Court used the Capital Murder Indictment, and again found McCray Guilty for Felony Murder and sentenced him to 99 Years for Felony Murder and 20 Years for Theft of Property First Degree, the sentence was ordered to run consecutive with each other.

the Trial Court was in error when it fail to get McCray's concent to amend the Indictment, or to send the case back before the GRAND Jury to obtain a New Indictment.

It is clear on the face of the Indictment that the Trial court took a pen and mark through the word **INTENTIONALLY AND THE CODE SECTION 13A-5-40, and replaced it with 13A-6(a)3.**

It is only logically to assume that, when the Jury went to deliberate on the second Jury Trial, they had in their hands, the Indictment, which clearly showed that McCray was originally charged with the offense of Capital Murder, which is evident of this, because it is written at the bottom of the Indictment itself.

-3-

The Trial Counsel fail to point this defect out to the Trial Court, and his Appellate Counsel fail to present this issue to the Alabama Court of Criminal Appeals, or the Alabama Supreme Court, and McCray filed a Post Conviction Rule 32 Petition in the Circuit Court, where he present this Issue, and the Trial Court conducted an Evidentiary hearing, and at the Hearing, the Trial Court Judge addmited that He was in fact the person that mark through the word Intentionally, therefore, that makes the Indictment Null and Void, and deprived the Trial Court of it's SUBJECT MATTER JURISDICTION TO TRY AND CONVICT THE PETITIONER OF ANY OFFENSE.

The Law is clear not only in the State of Alabama, but through the Nation, that, in order to Amend an Indictment, the Court [MUST] get the Defendant's Concent, or the Case [MUST] go back before the Grand Jury, in order to make the Prosecution legal.

This issue was before the Court of Criminal Appeals, However, the Appellate Counsel file a Brief, but argued the case in the light most favorable to the Attorney General [STATE].

Had he fully intended to file an Ander's Brief, he should have followed the requirements, instead of presenting an appeal Brief that was State Friendly, after all, this was a Pro-Se Petition, and if Counsel did not wish to properly present these Issues, he was obligated to follow the requirements of ANDERS.

This Issue is ripe for review by this Court, because it has gone back to the Trial Court, and was presented to the alabama Court of Criminal Appeals, through no fault of McCray's, this Issue was never presented to the State Court of last resort, because Counsel fail to mail the Court of Criminal Appeal's dismissal Order to the Petitioner in time for him to file an Application for rehearing, or a Petition for Writ of Certorari.

## GROUND NO: II

**DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF LAW**

During the SECOND Trial in this Case, the District Attorney continued to use the Word INTENT/INTENTIONALLY, all through the Opening and Closing Arguments in this Trial.

Under Alabama Law, in a conviction for the offense of Felony Murder, it does not require that the offense was an intentional ACT, however, the District Attorney continued to use these words, therefore, indicating that this was a SPECIFIC INTENT CRIME, as was the case in the first Trial for Capital Murder.

This action prejudiced the Petitioner to the point that a Fair and impartial Trial could not be had, because of the language in the opening and closing arguments of the District Attorney, leading the Jury to believe that the action to shoot and kill the victim was intentionally, instead of accidental, as stated by Petitioner, during the Trial, and at the Rule 32 Evidentiary Hearing.

For this reason, this Case should be remanded back to the Trial court for a New Trial, and the District Attorney Ordered not to use the word/or language of this being an intentional killing.

## GROUND NO: III

### DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF LAW

Willie McCray was denied Due Process and Equal protection of Law, when he was not given a lesser included Offens jury instruction of Manslaughter, in a Trial for Felony Murder, when there was suffucient evidence presented at Trial to support a manslaughter conviction, pursuant to the statutory language set fourth in THE CODE OF ALABAMA 1975 § 13A-6-3.

the Code of alabama defines manslaughter as [THE CAUSATION] of the death of another person under circumstances that would constitute murder under section 13A-6-2; except that he causes the death due to sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.

It is clear from the record that there was evidence presented at trial which would have allowed jurors to conclude that the Petitioner's conduct in causing the death of Mr. Scott, the victim, was due to a sudden heat-of-of passion caused by legal provocation. there was witnesses testified at trial that Mr. Scott walked up to the Petitioner and struck him in the face, seconds before McCray shot him, this is arguably, legal provocation, with regard to heat of passion manslaughter.

this is within the Alabama Manslaughter statute. Had the Legislature intended to except felony Murder from treatment with regard to heat-Of-Passion killing under Section 13A-6-3, they could/would have done so, but did-not.

The Trial Court's rationale that Manslaughter is not a lesser included offense of Felony Murder is inconsistent with a construction of Section 13A-6-2 of the Code of Alabama to mean exactly what it says. the Statute treats all murder under section 13A-6-2 as subject to jury deliberation with regard to Manslaughter, where the Petitioner caused the death of another due to sudden heat of passion caused by legal provocation, where the death is caused before a reasonable time for the pasasion to cool and reason to reassert itself.

-6-

There was enough evidence presented at trial to bring the Petitioner's conduct within this statutory defination of manslaughter, both of the State's eyewitnesses testified that Mr. Scott struck the Petitioner in the face right before the shot occured. One of these witnesses testified the shot came three to five seconds after Mr. Scott struck the Petitioner.

The Jury in the instant case believed the Petitioner's conduct constituted Murder, pursuant to section§ 13A-6-2(a)(3), they also concluded that he committed a crime under circumstances that would constitute Murder under section 13A-6-2.

The fact taken together with the evidence presented that the Petitioner was struck in the face by the victim seconds before the fatal shot, brings the Petitioner's conduct within the meaning of the manslaughter statute, and the Jury should have been given an instruction on Manslaughter.

But for the Trial Court's error in not giving the lessor included instruction, the Petitioner more likely than not, would have been found guilty of Manslaughter, rather than Murder, and he would not have received the sentence that he did.

**RESPECTFULLY SUBMITTED**

_____
WILLIE C. McCRAY # 183709


RELIEF SOUGHT

**Wherefore,** the Petitioner Pray that this Honorable Court will Grant this Petition for Writ of Habeas Corpus, an Order the Circuit Court of Houston County, Alabama to Vacate the Judgement and Sentence, and Order a New Trial/New Sentencing Proceeding or such other relief that this court Deems Proper.

WILLIE C. McCRAY AIS# 183709
ELMORE CORRECTIONAL FACILITY
P.O. BOX 8
ELMORE, ALABAMA 36025