IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE McCRAY, #183709, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:06-CV-1107-WKW |
| ) | |
| WILLIE THOMAS, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie McCray ["McCray"], a state inmate, on December 11, 2006. In this habeas petition, McCray challenges convictions imposed upon him by the Circuit Court of Houston County, Alabama on October 24, 2000 for felony murder and first degree theft of property. By operation of law, these convictions became final in January of 2002.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because McCray's murder and theft convictions became final in January of 2002 -- after the effective date of the statute of limitations -- McCray must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

filed state post-conviction petition was pending in the state courts. The respondents acknowledge that McCray filed a state post-conviction petition on January 23, 2006.[2] However, they argue that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer* at 4-5; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, it appears that McCray's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. McCray was convicted of felony murder and first degree theft of property by the Circuit Court of Houston County, Alabama on October 24,

---

[2] Although the state court stamped the Rule 32 petition "filed" on February 3, 2006, McCray advised that his petition was being mailed on January 23, 2006. *Respondents' Exhibit H* at 11 - *Rule 32 Petition* at 7. A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988). "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, January 23, 2006 is the appropriate date of filing for McCray's Rule 32 petition.

2000. The trial court imposed sentence upon McCray for these convictions on this same date. McCray filed a direct appeal and the Alabama Court of Criminal Appeals affirmed the convictions by memorandum opinion on November 21, 2001. *Respondents' Exhibit D*. McCray filed an application for rehearing which the appellate court denied on December 21, 2001. McCray did not further appeal his murder and theft convictions and the Alabama Court of Criminal Appeals therefore issued the certificate of judgment on January 8, 2002.[3]

Since McCray failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of his murder and theft convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002). Thus, McCray's murder and theft convictions became final, at the latest, on January 8, 2002-- upon issuance of the certificate of judgment

---

[3] Where further action is not undertaken upon denial of an application for rehearing by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's order denying the application. Rule 41(a), *Alabama Rules of Appellate Procedure*.

-- and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although the McCray filed a Rule 32 petition in January of 2006, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[4] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is therefore clear that the state post-conviction petition filed by McCray on January 23, 2006 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. In light of the foregoing, the court concludes that the one-year period of limitation began to run for

---

[4] The petitioner filed his Rule 32 petition in the state court on January 23, 2006 -- over three years after § 2244(d)'s one-year period of limitation had expired.

McCray on January 8, 2002 and ran uninterrupted until it expired on January 8, 2003.

The petitioner filed his federal habeas petition on December 11, 2006. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over three years prior to McCray filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before February 20, 2007 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 31st day of January, 2007.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE