IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 FEB 21 A 9: 5
A P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WILLIE McCRAY, #183709 )<br>   PETITIONER, )<br> )<br> )<br>V.S. )<br> )<br> )<br>WILLIE THOMAS, )<br>   RESPONDENTS, ) | CASE NO: 1:06-CV-1107-WKW |

### PETITIONER'S MOTION TO SHOW CAUSE
### WHY THE PETITION SHOULD NOT BE DISMISSED

    Comes now the Petitioner, Willie McCray, proceeding Pro-se and through Inmate assistance and submit this Motion to show Cause why his Habeas Corpus Petition should not be dismissed, in compliance with this Court's Order entered January 31, 2007, McCray will show unto this Court as follows:

    1) The Court and the Respondents are correct that the Petitioner did not file his Post Conviction Rule 32 Petition or his 28 U.S.C. 2254 Petition within the applicable time Period as provided in 28 U.S.C., however, the Petitioner was represented at Trial by Court Appointed Counsel, Joseph W. Lewis of Dothan, alabama, and he filed a Motion to Withdraw, and Attorney Brent Gourley was appointed to represent the Petitioner at Sentencing, and on his Direct Appeal.

    Attorney Gourley filed the Appeal to the Alabama Court of Criminal Appeals, which was Denied, and he filed an application for Rehearing, which was Overruled.l
    Attorney Gourley led the Petitioner to believe that he had filed a Petition for Writ of Certorari to the alabama Supreme court, and it wasn't untilafter the limitation had expired, that no Petition for Writ of Certorari had been filed.

    The Petitioner is untrained and unschooled in the Law, and he relied on his Appointed Trial Counsel to protect his legal rights at Trial, and relied on Appellate Counsel to follow the Appellate Procedures, including file the Petition for Writ of Certorari to the Alabama Supreme Court.

    2). The Respondent's contend that, "McCray's incarceration is the lawful result of his Conviction and sentence;
    In McCrays Rule 32 Petition, he alleged and has proven that, "**The Trial court did-Not have Jurisdiction to render Judgement or to impose sentence in his case because the indictment against him was improperly Amended.**"

Petitioner was initally Charged and Indicted for the Offense of "**CAPITAL MURDER**", (murder during the course of a robbery in violation of 13A-5-40(a)2 OF THE CODE OF ALABAMA 1975) however, in his first Trial, the Jury returned a verdict on the lessor offense of Felony Murder, and the Trial Court Sentenced him to Life in Prison without the possibility of Parole. The Case was Remanded for a New Trial, based on his Batson V. Kentuckey claim see **McCray v. State, 738 So. 2d 91 (Ala. Crim. App. 1998).**

During McCray's Second Trial, the Trial Court Amended the Capital Murder Indictment without the Consent of the Petitioner, or without sending the case back before the Grand Jury, as required by lawPursuant to **The Code of Alabama 1975 § 15-8-90 & Alabama Rules of Criminal Procedure Rule 13.5(a).**

> **ALABAMA RULE OF CRIM. PROC. RULE 13.5(a):**
> "**AMENDMENT OF CHARGE: A charge may be amended by order of the Court with the consent of the defendant in all cases, except to change the offense or to charge a new offense not contemplated by the original indictment. The Court may permit a charge to be amend without the defendant's concent, at any time before {VERDICT} or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced**";

"**If the variance between an averment in an indictment and the proof precludes a sustainable conviction, then it is a material variance and a reindictment pursuant to the amendment statutes, §§ 15-8-90 and 15-8-91, is permissible; if the variance is of such an immaterial nature as not to defeat the sustainability of defendant's conviction, reindictment is impermissible and subject to defendant's plea of double jeopardy. Ex parte Allred, 393 So. 2d 1030, 1980 Ala. LEXIS 3260 (Ala. 1980).**"   **CODE OF ALABAMA 1975 § 15-18-90**

In the Instant Case, during the Second Trial, the Jury was allowed to take the Amended Indictment back into the Jury Room, during deliberation, which the Indictment clearly stated that it was Capital Murder (**SEE ATTACHMENT EXHIBIT # 1**);
Therefore, McCray was tried and Convicted unlawfully, on a Capital Murder Indictment, after he had been found NOT-GUILTY of Capital Murder, but Guilty of the lessor offense of FELONY MURDER.

McCray was severally prejudiced by this Action, and was denied procedural Due Process , and the decision of the circuit court, and the Alabama Court of Criminal Appeals is an **unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States WILLIAMS V. TAYLOR, 529 U.S. AT 404-405, 120 S.CT AT 1590; AS THIS COURT POINTED OUT, "Under § 2254 (d)(1) and the Williams Decision, [A federal Court] can grant relief only if the State Court decision denying relief is "contrary to clearly established federal law or is an unreasonable application of federal law BROWN V. HEAD, 272 F. 3D 1308, 1313 (11th clR. 2001)**

In Mccray's Rule 32 Petition, and in his Habeas Petition, he alleged, and proved that the Trial Court, and the State made reference to the Intentionally killing, which was the wording in the initial Capital Murder Indictment, In fact, the Trial court Judge took his pen and placed a line through the word **Intentionally Caused the death**. and further placed a line through the **Alabama Code Statute 13A-5-40(a)2** and hand written under that statute, 6 (a)(3).

The Code Section cited by the Court is not an offense at all, because **13A-6 (a) 3** is not in the **Code of Alabama 1975**, and is not an Indictable Offense, and McCray was tried and convicted for an offense, that is not in the Alabama Code, therefore, he is held in Prison illegally/and unlawfully.

The failure of this Court to entertain this Issue, would amount to a **fundamental miscarriage of justice,** and should not be overlooked by this Court, just because the limitation period has expired, in which to file the Post Conviction Rule 32 Petition, and this Habeas Corpus Petition;

In the Respondent's answer to the Habeas Corpus Petition, and this Court's Order Dated January 31, 2007 seems to say that the Petitioner is barrred by the One Year Statute of Limitation Period as prescribed in 2244(d).

The Petitioner can not dispute the fact that his Habeas Petition Petition was-in-fact filed outside of the limitation period, however, the time limit for filing the Post conviction Rule 32 Petition should have been **EQUITABLE TOLLED,** due to the unequatible events, caused by the Appellate Counsel's failure to file a Petition for Writ of Certorari in the Alabama Supreme Court, and further, did not notify the Petitioner that the Alabama Court of Criminal Appeals had issued a Certificate of final Judgement until long after the Court of Criminal Appeals issued it.

The Petitioner, Willie McCray would respectfully request that this honorable Court would apply the Doctrin of **EQITTABLE TOLLING** of the Limitation period in which he filed the Current Habeas Petition, and the Rule 32 Petition, for the following reasons;

1). That Court Appointed Counsel did not notify McCray that the Appellate Court had Affirmed his Direct Appeal, from his second Trial, until long after the time had expired to file a Petition for Writ of Certorari into the Alabama supreme Court;

As this Court is well aware, when a Defendant is represented by Counsel, the Court foreward all decisions to the Attorney, not the Appellant, and it is the responsibility of that Attorney to notify the Defendant/Appellant of the actions of the Appellate Court. This did not happen in this Case; Petitioner became aware of the Affirmance when, through Inmate assistance, he wrote a letter to the Clerk of the Court of Criminal Appeals, asking of the Status of the Appeal, and he learn that the Appeal had been Affirmed;

-3-

2). The Petitioner is untrained and unschooled in the Law, and he relied on the assistance of Inmates to file the Post Conviction Rule 32 Petition, as soon as he learned that his Appeal had been affirmed, he sought assistance in prepairing the Rule 32 Petition.

the AEDPA limitation period is subject to the doctrine of equitable tolling is an issue of first impression in the Eleventh Circuit. Other circuits to consider this issue, however, have found that equitable tolling does so apply. See, e.g., Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, U.S. , 119 S. Ct. 1474 (1999); Miller v. Marr, 141 F.3d 976 (10th Cir.), cert. denied, 525 U.S. 891, 142 L. Ed. 2d 173, 119 S. Ct. 210 (1998) ("Marr"); Miller v. New Jersey State Dep't of Corrections
, 145 F.3d 616 (3d Cir. 1998) (" Miller"); Calderon v. United States Dist. Court for the Cent. Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998). These courts have reasoned that the AEDPA's one-year limitation period "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." Davis, 158 F.3d at 810; see also Marr, 141 F.3d at 978; Miller, 145 F.3d at 618; Calderon, 128 F.3d at 1288. This court is so persuaded and finds that the AEDPA's one-year limitation period is subject to the doctrine of equitable tolling.
In the Eleventh Circuit, equitable tolling is applicable "only upon finding an inequitable event [that] prevented plaintiff's timely action." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted). The Eleventh Circuit has summarized the doctrine as follows:

The interests of justice are most often aligned with the plaintiff when the defendant misleads her [or him] into allowing the statutory period to lapse (citations omitted); when she [or he] has no reasonable way of discovering the wrong perpetrated against her [or him] (citations omitted); or when she [or he] timely files a technically defective pleading and in all other respects acts with "'the proper diligence . . . which . . . statutes of limitations were intended to insure.'" (citations omitted). The interests of justice side with the defendant when the plaintiff does not file her [or his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running (citations omitted); and, of course, when she fails to act with due diligence (citations omitted). It bears emphasizing, however, that due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling. The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly. (citations omitted). Though his dereliction be only incidental, a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. "Principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." (citations omitted).

Unlike the situation in <u>**TERRY McLESTER V. JOE HOPPER,**</u> **67 F. SUPP. 2d 1308 1999 US DIST. LEXIS 14609,** this Petitioner has shown how/why he did not file his Petition for Writ of certorari in the Alabama Supreme Court, which is: his Appellate Counsel did not notify him of the affirmance in the Court of Criminal Appeals, and this failure of his Counsel caused him not to be able to present this claim in the State Court of last resort.

And for these reasons, the Petitioner respectfully request that this Honorable Court will grant unto this Petitioner the Writ of Habeas Corpus, and allow him to advance all of the issues for review by this Court;

RSPECTFULLY SUBMITTED
*Willie McCray*
WILLIE McCRAY 183709

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the parties listed below, by placing same in the United States Mail properly Addressed and Postage pre-paid, this _Feb_ Day of _19_, 2007.

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL<br>11 SOUTH UNION STREET<br>CRIMINAL APPEALS DIVISION<br>FOURTH FLOOR<br>MONTGOMERY, ALABAMA 36130-1501 | *Willie McCray*<br>WILLIE McCRAY, 183709<br>ELMORE CORRECTIONAL FAC.<br>P.O.BOX 8<br>ELMORE, AL. 36025 |



OFFICE OF THE CLERK,
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36130

WILLIE MCCRAY #183709
ELMORE CORRECTIONAL FACILITY
P.O. BOX 8
ELMORE, ALABAMA 36025



Grand Jury No. ___169___   Exhibit A   Case No. _CC-94-791_

## INDICTMENT

The State of Alabama } CIRCUIT COURT
HOUSTON COUNTY    TWENTIETH JUDICIAL CIRCUIT

August Term, 19 94

The grand jury of said county charge that, before the finding of the indictment, Willie C. McCray whose name is otherwise unknown to the Grand Jury, did ~~intentionally~~ cause the death of Michael Scott by shooting him in the face and causing his death at the time he was in the course of committing a robbery, the property of Higdon Grocery Company, Inc., a corporation, doing business as Country Market, in violation of 13A-5-~~40~~ 6 (a) 2 3 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Douglas Albert Valeska
District Attorney

---

THE STATE OF ALABAMA
Houston County

THE CIRCUIT COURT
Twentieth Judicial Circuit

THE STATE
vs.
Willie C. McCray

S.I.D. No.
D.O.A.

CAPITAL MURDER

Witnesses:
Stan Devane
PD
Dothan, Al   93 08 3593

Jeff Clark
1809 S Oates # 1706
Dothan, Al

Debbie Shelton
1702 Alexander Dr
Dothan, Al

Linda Hughes
419 E Main
Dothan, Al

Billy McBride
419 E Main
Dothan, Al

(Over)