IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE McCRAY, #183709,      )
                             )
        Petitioner,          )
                             )
    v.                       )        CASE NO. 1:06-CV-1107-WKW
                             )
WILLIE THOMAS, et al.,       )
                             )
        Respondents.         )

## ORDER

On February 21, 2007, the petitioner, the petitioner Willie McCray ["McCray"], filed a response in which he contends that any time bar is the result of ineffective assistance of counsel due to counsel's failure to promptly advise petitioner of the date his appeal became final after failing to file a petition for writ of certiorari with the Alabama Supreme Court. McCray argues that due to counsel's ineffectiveness in notifying him of the finality of his appeal he is entitled to equitable tolling of the limitation period. McCray likewise argues that it would be a fundamental miscarriage of justice to bar review of his petition by application of the limitation period. In light of the foregoing, the court construes McCray's February 21, 2007 response (Court Doc. No. 18) to contain a motion to amend. Upon consideration of the motion to amend, and for good cause, it is

ORDERED that this motion be and is hereby GRANTED. In light of the claims of ineffective assistance of appellate counsel presented in the response/amendment, the court concludes that McCray has waived the attorney-client privilege with respect to these claims. *See Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000) (counsel could have

related what client "told them because, by claiming that their performance in the trial court was ineffective, [defendant] had waived the attorney-client privilege.); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (defendant's claims of ineffective assistance of counsel "waived his attorney-client privilege as to those matters pertaining to the attorney's representation of [defendant] at trial."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975) (attorney-client privilege is waived when client challenges attorney's effectiveness).   Accordingly, it is further

ORDERED that:

1.  On or before March 14, 2007, Brent Gourley, appellate counsel for the petitioner, shall file an affidavit with this court which addresses the claim of ineffective assistance raised in the response filed by the petitioner on February 21, 2007.  Specifically, Gourley shall address McCray's assertion that counsel failed to timely notify petitioner of the decision issued by the Alabama Court of Criminal Appeals affirming his conviction. Counsel is advised that he shall provide a copy of  his affidavit to the Attorney General for the State of Alabama.  To aid counsel in filing his affidavit, the Clerk is DIRECTED to furnish Brent Gourley with a copy of the petitioner's February 21, 2007 response/amendment.

2.  On or before March 26, 2007,  the respondents shall file a supplemental answer which addresses all of the claims and arguments presented by the petitioner in his amendment to the petition as contained in his response to the answer.  The respondents are

2

advised that in filing their answer they should make specific reference to the provisions of

Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts.*

      Done this 22nd day of February, 2007.


                      /s/ Susan Russ Walker
                      SUSAN RUSS WALKER
                      UNITED STATES MAGISTRATE JUDGE