IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE McCRAY, #183709, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CV-1107-WKW |
| | ) | |
| WILLIE THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On February 21, 2007, the petitioner, Willie McCray ["McCray"], filed a response in which he argued that any time bar attendant to his federal habeas petition resulted from ineffective assistance of counsel on direct appeal due to counsel's failure to promptly advise petitioner of the date his appeal became final after counsel failed to file a petition for writ of certiorari with the Alabama Supreme Court. McCray likewise argued that it would be a fundamental miscarriage of justice to bar review of his petition by application of the limitation period. In light of the foregoing, the court construed McCray's February 21, 2007 response (Court Doc. No. 18) as a motion to amend and granted such motion on February 22, 2007 (Court Doc. No. 19).

As previously determined, due to McCray's claims of ineffective assistance of appellate counsel presented in the response/amendment, McCray has waived the attorney-client privilege with respect to these claims. *See Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000) (counsel could have related what client "told them because, by claiming that their performance in the trial court was ineffective, [defendant] had waived

the attorney-client privilege.); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (defendant's claims of ineffective assistance of counsel "waived his attorney-client privilege as to those matters pertaining to the attorney's representation of [defendant] at trial."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975) (attorney-client privilege is waived when client challenges attorney's effectiveness).

In his amendment to the petition, McCray erroneously identified direct appeal counsel as Brent Gourley and the court therefore directed Gourley to file an affidavit addressing McCray's claims of ineffective assistance. However, it is clear from the state court record that Joseph W. Lewis represented McCray on direct appeal. Accordingly, it is hereby

ORDERED that:

1. On or before March 29, 2007, appellate counsel for the petitioner, Joseph W. Lewis, shall file an affidavit with this court which addresses the claim of ineffective assistance raised in the response filed by the petitioner on February 21, 2007. Specifically, Lewis shall address McCray's assertion that counsel failed to timely notify petitioner of the decision issued by the Alabama Court of Criminal Appeals affirming his conviction after counsel failed to failed to file a petition for writ of certiorari with the Alabama Supreme Court. Counsel is advised that he shall provide a copy of his affidavit to the Attorney General for the State of Alabama. To aid counsel in filing his affidavit, the Clerk is DIRECTED to furnish Joseph W. Lewis, c/o Byrd and Byrd, P.O. Box 536, Dothan,

Alabama 36302, with a copy of the petitioner's February 21, 2007 response/amendment.

    2. The respondents are GRANTED an extension from March 26, 2007 to and including April 10, 2007 to file a supplemental answer which addresses all of the claims and arguments presented by the petitioner in his amendment to the petition as contained in his response to the answer. The respondents are advised that in filing their answer they should make specific reference to the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.

    Done this 14th day of March, 2007.

                                  /s/ Susan Russ Walker
                         SUSAN RUSS WALKER
                         UNITED STATES MAGISTRATE JUDGE