IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MCCRAY, #183709 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:06-CV-1107-WKW |
| | ) |
| WILLIE THOMAS, et al., | ) |
| | ) |
| Respondents. | ) |

## SUPPLEMENTAL ANSWER

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's March 14, 2007, order directing Respondents to file a supplemental answer in the present case, state as follows:

McCray is not entitled to equitable tolling of the limitation period of 28 U.S.C. 2244(d)(2) because of his appellate counsel's alleged failure to promptly file a petition for writ of certiorari with the Alabama Supreme Court, or advise McCray of the date his conviction became final. In his affidavit submitted to this Court, appellate counsel Joseph W. Lewis attests that he filed a motion to withdraw as appellate counsel of McCray with the Alabama Court of Criminal Appeals on December 21, 2001 and forwarded a letter to McCray that date

informing McCray that he had fourteen days within which time McCray could file a petition for writ of certiorari with the Alabama Supreme Court if he desired to pursue further review of the matter. Attached to the supplemental answer is a copy of the motion to withdraw that appellate counsel referenced in his affidavit, that was filed with the Alabama Court of Criminal Appeals on December 21, 2001.

The Eleventh Circuit Court of Appeals held in Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000), that Section 2244 was a statute of limitations and not a jurisdictional bar, and the section permits equitable tolling - when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (quoting Sandvik v. United States, 177 F. 2d 1269, 1271 (11th Cir. 1999) The Eleventh Circuit also noted that "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Also see Sandvik at 1270; Irvin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

In Coleman v. Thompson, 501 U.S. 722, 752-753 (1991), the United States Supreme Court declined to extend the right to counsel on appeal beyond the first appeal of a criminal conviction. Quoting Ross v. Moffitt, 417 U.S. 600, 616 (1987) and Pennsylvania v. Finley, 481 U.S. 551, 556 (1987), the Supreme Court noted, that: "Applying the Carrier rule as stated, this case is at an end. There is

2

no constitutional right to an attorney in state post-conviction proceedings." (quoting Finley and Murray v. Giarranto, 429 U.S. 1 (1989). The Supreme Court then stated, "[w]here there is no constitutional right to counsel there can be no deprivation of effective assistance of counsel." Coleman at 752.

The Supreme Court held in Finley, that:

> We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed. 2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. Wainwright v. Torna, 455 U.S. 586, 102 S. Ct. 1300, 71 L.Ed.2d 475 (1982); Ross v. Moffitt, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since became final upon exhaustion of the appellate process. See Boyd v. Dutton, 405 U.S. 1, 7,. 2, 92 S. Ct. 759, 762 n. 2, 30 L. Ed. 2d 755 (1972) (POWELL, J., dissenting).

Rule 39(a), Alabama Rules of Appellate Procedure, provides, "Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ." Under Coleman and Finley, McCray has no constitutional right to counsel in his discretionary appeal to the Alabama Supreme Court, thus he cannot demonstrate "extraordinary circumstances "under his purported failure of counsel to petition the Alabama Supreme Court claim,

3

that would entitle McCray to equitable tolling. Also see <u>Birdsong v. State</u>, 929 So. 2d 1027, 1028 (Ala. Crim. App. 2005) (holding a criminal defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court).

McCray is not entitled to the equitable tolling he seeks because he cannot demonstrate "extraordinary circumstances" for tolling the limitation period of §2244(d)(2); and, counsel's affidavit filed with this Court suggests McCray's contention is baseless. Thus, McCray cannot explain the length of delay of over three years and eleven months between the issuance of the certificate of judgment and the filing of his §2254 petition, and this petition is due to be dismissed as time-barred.

                                      Respectfully submitted,

                                      Troy King (KIN047)
                                      *Attorney General*
                                      By:

                                      /s/Daniel W. Madison
                                      Daniel W. Madison (MAD029)
                                      *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Willie McCray
AIS #183709
Elmore Correctional Facility
P.O. Box 8
Elmore, Alabama 36025

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL 36130-0152
(334) 242-7300
254894/MCCRAY

# IN THE COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

| | |
|---|---|
| **STATE OF ALABAMA,** | ) |
| **PLAINTIFF,** | ) |
| **VS.** | ) CASE NO.: CR 2000 - 0241 |
| **WILLIE McCRAY,** | ) |
| **APPELLANT.** | ) |

## MOTION TO WITHDRAW

Comes now the undersigned attorney and requests that this Court allow him to withdraw as attorney of record for the Appellant in the above-styled case, and states for grounds as follows:

1. The undersigned attorney was appointed to represent the appellant on his appeal as of right to this Court.

2. The appellant's conviction was affirmed by this Court on November 21, 2001, and the application for rehearing filed by the undersigned attorney was overruled on December 21, 2001.

WHEREFORE, the undersigned attorney requests this Court would allow him to withdraw as Appellant's attorney of record in the above-numbered case.

Respectfully submitted this the 21st day of December, 2001.

> **CERTIFICATE OF SERVICE**
>
> I do hereby certify that I have served a copy of the foregoing upon Honorable Bill Pryor, Attorney General, 11 South Union Street, Montgomery, Alabama 36130 by placing a copy of same properly addressed and postage pre-paid in the U.S. Mail.
>
> Dated this the ___ day of December, 2001.
>
> _____
> JOSEPH W. LEWIS
> Attorney for Defendant

BYRD & BYRD

_____
JOSEPH W. LEWIS (LEW 048)
Attorney for Defendant
P.O. Box 536
Dothan, Alabama  36302
(334) 794-0759
(334) 792-0163 fax

2