IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MCCRAY, #183709 ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:06-CV-1107-WKW |
| ) | |
| WILLIE THOMAS, et al., ) | |
| ) | |
| Respondents. ) | |

## SECOND SUPPLEMENTAL ANSWER

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's April 9, 2007, order directing Respondents to file a supplemental answer in the present case, state as follows:

McCray alleges that he is being illegally restrained of his liberty amounting to a fundamental miscarriage of justice because the trial court incorrectly amended his indictment by handwriting section 6(a)(3) under the original statute charged in the indictment. McCray alleges that the section cited by the amendment is a nonexistent code section; thus, he is being charged with a crime that is not an offense (McCray's amended response; pgs. 2-3)

The indictment contained a typographical error that should have cited 13A-6-2(a)(3), the Alabama Code, (1975) section dealing with felony murder. Also, McCray's contention that he somehow deserved an instruction on manslaughter at trial was raised in his direct appeal of his conviction; however, McCray procedurally defaulted this claim by failing to file a petition for certiorari with the Alabama Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728 (1999); Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991).

In Coulter v. State, 438 So. 2d 336, 344 (Ala. Crim. App. 1983), the Alabama Court of Criminal Appeals addressed a similar issue wherein the defendant alleged that he was entitled to charges on second degree murder and manslaughter because he did not intentionally kill the victim. The Court of Criminal Appeals held: "This argument fails because an unintentional killing during the course of a robbery is, nevertheless, first degree murder under the felony murder doctrine, and the evidence was undisputed that appellant killed his victim during the course of robbing him. Had the jury believed appellant's assertion that he did not 'intend' to kill Morris, its verdict would have been for first degree felony murder, a lesser included offense which was properly explained to the jury." Coulter at 344.

2

Thus, McCray was not entitled to a charge on manslaughter. Based on the foregoing, McCray's claim that his restraint amounts to a fundamental miscarriage of justice is barred by the one-year limitation of §2244(d)(2).

                Respectfully submitted,

                Troy King (KIN047)
                *Attorney General*
                By:

                /s/Daniel W. Madison
                Daniel W. Madison (MAD029)
                *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Willie McCray
AIS #183709
Elmore Correctional Facility
P.O. Box 8
Elmore, Alabama  36025

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
260902//MCCRAY