IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MCCRAY, #183709 )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIE THOMAS, et al., )<br>)<br>Respondents. ) | CASE NO. 1:06-CV-1107-WKW |

## SUPPLEMENTAL ANSWER

Come now the Respondents, by and through the Attorney General for the State of Alabama, and in response to this Court's April 24, 2007, order directing Respondents to address McCray's allegation that he was prejudiced in his second trial, by the jury viewing the capital murder indictment from his first trial, during the jury's deliberation in his second trial, thus, violating his fundamental rights, submit the following answer. Petitioner appears to raise two claims arising from his second trial: (1) that his indictment was improperly amended from capital murder to felony murder, and the capital murder indictment was allowed to be viewed by the jury; and (2) that he was subjected to double jeopardy because he was convicted twice for felony murder.

According to McCray's claim, the trial court amended the capital murder indictment without McCray's consent, and without obtaining a new grand jury indictment, thus the charge against him was improperly amended and created a fatal variance between the indictment and the evidence supporting his felony murder conviction. (McCray's motion to show cause filed February 21, 2007; pgs. 2-4) Also, McCray asserts that the trial court's action of pencil striking through the statute listed in the indictment, §13A-5-40(2), Alabama Code, (1975), and citing §13A-6-(a)(3), essentially charged him with a nonexistent offense. McCray alleges these facts, and the failure of the court to entertain this issue, amounts to a fundamental miscarriage of justice. (McCray motion; p. 3)

The United States Supreme Court held in Murray v. Carrier, 477 U.S. 478, (1986) that the writ of habeas corpus was a "bulwark against convictions that violate 'fundamental fairness.'" (Quoting from Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497 (1977)). The Supreme Court ruled that the concept of "fundamental miscarriage of justice" applies to those cases in which the defendant was "probably ... actually innocent." The court reasoned, that: "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id. at 496, 106 S. Ct., at 2649. Also see Sawyer v. Whitley, 505 U.S. 333, 360,

112 S. Ct. 2514, 2530 (1992). In <u>Schlup v. Delo</u>, 513 U.S. 298, 326, 115 S. Ct. 851, 867 (1994), the United States Supreme Court applied the <u>Carrier</u> standard to non-capital cases, holding:

> The meaning of actual innocence as formulated by <u>Sawyer</u>, and <u>Carrier</u> does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.
>
> We note finally that the <u>Carrier</u> standard requires a petitioner to show that it is more likely than not that "no reasonable juror" would have convicted him. The word "reasonable" in that formulation is not without meaning. It must be presumed that a reasonable juror would consider fairly all of the evidence presented. It must also be presumed that such a juror would conscientiously obey the instruction of the trial court requiring proof beyond a reasonable double.

Here, McCray claims he is being denied a fundamental miscarriage of justice; however, McCray completely fails to demonstrate that he is "actually innocent" of his felony murder conviction. In the evidentiary hearing on McCray's Rule 32 petition in state court, McCray testified that he was originally indicted for capital murder, was convicted of a lesser included offense – felony murder, and that the conviction was set aside by the Court of Criminal Appeals for <u>Batson</u> reasons. McCray's attorney then questioned McCrary as follows:

3

>Q Was that indictment read to the jury on the second trial?
>
>A Not to my knowledge.
>
>Q The retrial, was that with a new indictment or on the original?
>
>A It was on an amended indictment. (Answer; Exhibit H; R. 9-11)

His actual innocence claim is not based upon McCray being not guilty of murder – either capital or felony murder, rather, McCray was alleging that he was legally innocent based upon the indictment being improperly amended and because the jury was allowed to view the original indictment charging him with capital murder. The following colloquy occurred among McCray's counsel, the court and the prosecution:

>Q Mr. McCray, do you remember if on the second trial if the indictment was read to the jury?
>
>A No, I don't. But let me elaborate on that a minute. This whole complaint is about where the D.A. crossed out intentionally in the indictment.
>
>THE COURT: No, the D.A. didn't do that.
>
>THE WITNESS: Well, the Court crossed out the word intentionally in the indictment. I was under the assumption that it was an unintentionally act. But in return during the course of the trial the D.A. tried to prove that the intention -- the act itself was intentional. He used intentionally several times. That's why I had to take the stand to show -- to try to prove to the Court that it was an unintentional act. And that is in the Record. I mean, you can't say that it was an unintentional act in the face of the indictment and when I go to trial you say it was intentionally. That's two different things.

4

Q Are you saying that the D.A. told the jury that the shooting was intentionally?

A Right. He tried to prove that it was intentionally due to his witness and due to the way that he said it happened. And I was trying to reenact the indictment. And he said, no, that's not what happened. He said that it was an intentional killing which took us back to the original indictment of capital murder and I think that's double jeopardy.

A Excuse me?

Q Did anybody else use the word intentionally in that manner?

A Not to my knowledge. Nothing but the D.A. No one but the D.A.

Q Anything else?

A That's it.

MR. GURLEY: I think that's our position. (Exhibit H; R. 11-12)

The facts presented at McCray's evidentiary hearing on his Rule 32 petition indicate that the indictment was not shown to the jury as he alleges; and, to the extent McCray alleges that he was tried and convicted of felony murder in two trials, Respondent asserts the Petitioner has confused his claims of double jeopardy with the rights of the State to retry a defendant after a reversal of a conviction.

Under Alabama law, "a conviction on a <u>lesser included offense</u> bars any subsequent retrial of a defendant on the <u>greater</u> offense, since the conviction on the lesser included offense acts as an acquittal of the higher offense." <u>O'Neal v. State</u>, 494 So. 2d 801, (Ala. Crim. App. 1986) (quoting <u>Ex parte Bayne</u>, 375

5

So. 2d 1239 (Ala. 1979). After noting that a defendant could not be retried on the greater offense the Alabama Court of Criminal Appeals held:

> Thus, on retrial, the appellant could only have been convicted of manslaughter. The appellant contends that since he could no longer have been found guilty of intentional murder, the State should have amended the indictment or reindicted him. It is argued that the indictment charging him with murder lacked the degree of specificity required to inform him of the offense for which he was being charged. Constitution of Alabama 1901, Section 6; Ex parte Hightower, 443 So. 2d 1272 (Ala. 1983). We find this argument to be without merit. In Wyatt v. State, 419 So 2d 277 (Ala. Crim. App. 1982), this Court held that where a defendant charged with a greater offense is found guilty of a lesser included offense, there is no requirement that he be reindicted in the event that a new trial is ordered. "'The indictment is for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included offenses.' Walker v. United States, 135 [U.S.] App.D.C. 280, 418 F. 2d 1116 (1969). '(A)n indictment charging a felony or the highest grade of the offense by operation of law charges every lesser included in the one charged.' Kitchens v. State, 27 Ala.App. 336, 172 So. 2d 297 (1937). This does not deny a defendant his constitutional right to be informed of the nature and cause of the accusation against him. Holesome v. State, 40 Wis.2d 95, 161 N.W.2d 283 (1968); People v. Cooke, 186 Colo. 44, 525, P.2d 426 (1974); State v. Daniels, 223 Kan. 266, 573 P.2d 607 (1977)." O'Neal at 802.

The Supreme Court of Alabama addressed a similar issue to the one raised by McCray in Ex parte Heard, 2007 WL 80876 *12 (Ala. Jun. 12, 2007). In Heard, the defendant raised the issue of whether verdicts finding the defendant guilty of both capital murder and felony murder were not mutually exclusive and whether the verdicts violated principles of double jeopardy.

The Alabama Supreme Court noted:

> Felony murder, on the other hand, does not require the specific intent to kill; it requires only the intent to commit the underlying felony.

6

§13A-6-2(a)(3), Ala. Code (1975); Mitchell v. State, 706 So. 2d 787 (Ala. Crim. App. 1997). The absence of an intent to kill, however, is not necessarily an element of felony murder, as contrasted with the intent to kill, which is an element of capital murder.

In other words, a felony-murder conviction does not require proof that the defendant unintentionally killed the victim, only that the defendant intended to commit the underlying felony.

Thus, under O'Neal and Heard, the retrial of McCray for felony murder, a lesser included offense of capital murder, was proper. In Burks v. U.S., 437 U.S. 1, 10, (1978) the United States Supreme Court distinguished retrials based upon state court reversal of convictions on trial court error, and retrials based upon insufficiency of evidence, and the Supreme Court noted in part, that prior Supreme Court decisions held:

> "The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence." Untied States v. Tateo, 377 U.S. 463, 465, 85 S. Ct. 1587, 15889, 12 L.Ed.2d 448 (1964) (emphasis supplied).

> See United States v. Wilson, 420 U.S. 332, 341 n. 9, 95 S. Ct. 1013, 1020, 43 L.Ed.2d 232 (1975); Forman, supra, 361 U.S., at 425, 80 S. Ct., at 486. As we have seen in Part II, supra, the cases which have arisen since Ball generally do not distinguish between reversals due to trial error and those resulting from evidentiary insufficiently. We believe, however, that the failure to make this distinction has contributed substantially to the present state of conceptual confusion existing in this area of law.

7

Also see <u>Delap v. Dugger</u>, 890 F.2d 285, 307 (11th Cir. 1988). There the Eleventh Circuit, citing <u>Lockhart v. Nelson</u>, 488 U.S. 33, 109 S. Ct. 285, 289, held: "The Double Jeopardy Clause generally does not prohibit the State from prosecuting a defendant who succeeds in getting his or her conviction reversed on appeal."

Based upon prior holdings of the United States Supreme Court, that a retrial of a defendant in cases of trial court error, does not violate the double jeopardy clause of the Untied States Constitution, and because the state courts correctly decided McCray's retrial was proper, he cannot show that the state court's decision involved an unreasonable application of clearly established law. McCray has not been the victim of a fundamental miscarriage of justice. He has not demonstrated his actual innocence, because his felony-murder conviction is lawful.

It is not the product of a non-existent statute under Alabama law. (See Respondents's previous Supplemental Answer). McCray has not established his

8

right to equitable tolling, and his §2254 petition should be denied, because it is time-barred. See <u>Sibley v. Culliver</u>, 377 F. 3d 1196, 1205 (11th Cir. 2004).

        Respectfully submitted,

        Troy King (KIN047)
        *Attorney General*
        By:


        /s/Daniel W. Madison
        Daniel W. Madison (MAD029)
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Willie McCray
AIS #183709
Elmore Correctional Facility
P.O. Box 8
Elmore, Alabama  36025

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
264751/MCCRAY
103478-001