IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE MCCRAY, 183709

     Petitioner,

V.S.                                                                            CASE NO: 1:06-1107-WKW

WILLIE THOMAS, et al.,

     Respondents.

## TRAVERSE

Comes now the Petitioner, Willie McCray proceeding Pro-Se and through Inmate
assistance and respectfully responds to the Attorney General's supplemental answr
and will show unto this court as follows;

In the Attorney General's Supplemental Answer, he stated that, the Petitioner
"APPEARS" to raise two claims arising from his second Jury Trial  (1) that McCray's
Indictment was improperly amended from capital murder to felony murder, and the
capital murder Indictment was  viewed by the Jury;

There is no dispute to this fact, as alleged and proven by McCray in his Petition for
relief. At the Petitioner's post conviction Rule 32 Hearing, the Trial court admitted that
he was the person that marked through the word **INTENTIONALLY CAUSE**  the death
of Michael Scott, and the Trial court also mark through the **Alabama Code Section
13A-5-40 (a) 2 and replaced it with the  hand written 6 (a) 3,** Even thouth the record
contains both the **[NON LEGALLY AMENDED INDICTMENT AND THE STATEMENT
OF THE TRIAL COURT]**;

In the State of Alabama, the law is well settled on the point of an amended Indictment,
and there are several current State cases that support Petitioner's position, one of
which is from Houston County, Alabama  " . **The amendment purporting to add this
charge was void. An indictment may be amended by order of the court  with the
consent of the defendant in all cases, except to change the offense or to charge
new offenses not contemplated by the original indictment. Ross v. State, 529 So.
2d 1074 (Ala. Crim. App. 1988) ; Ala. R. Cr. P. 13.5. In this case, the added charge
is a substantial change from the indictment returned by the grand jury and
charges a new offense not included in the original charge. Thus, all proceedings
stemming from the amendment of the indictment had no legal effect and were**

void."Hammond, 665 So. 2d at 974 (emphasis added).

The Petitioner's case here is different from Hammonds, and several other cases, where McCray went to a Jury Trial on a Capital Murder Indictment and was found guilty by a Jury of Felony Murder, a lessor included offense, and his conviction/sentence was later reversed and remanded for a New Trial, He was later tried and convicted on the same Capital Murder Indictment, by a different Jury where the Trial Court, the District Attorney, or his appointed Counsel did-not get his concent to amend the indictment, they just proceeded on to a Trial, and the Trial Court Judge took his pen and mark through portions of the Indictment, and allowed the words (**CAPITAL MURDER**) to remain on the indictment, putting the Jury on notice that he had once been indicted in this case of the offense of Capital murder.

It was also convayed through the testimony at trial that there had been another Trial, in this Case, which caused prejudice to the Petitioner.

The Alabama Rules of Criminal Procedue Rule 13.5 and Code of Alabama 1975 15-8-90 makes it clear tha the indictment can not be amended without the concent of the Defendant, {ON THE RECORD}; Here there is no where in the record that McCray or his counsel consented to the Indictment being amended **SEE § 15-8-91.** Consent not given to amend.
**Text**
**If the defendant will not consent to such amendment of an indictment, the prosecution may be dismissed at any time before the jury retires as to the count in the indictment to which the variance applies, and the court may order another indictment to be preferred at a subsequent time, in which case an entry of record must be made to the effect following:**

**"The appellant was indicted under one Code section and sentenced under another. This was a substantial change from the indictment as returned by the grand jury and does not fall within the permissible limits of § 15-8-90, supra. See: Crews v. State, 40 Ala.App. 306, 112 So.2d 805 (1959).**
**REVERSED AND REMANDED."**
**All the Judges concur.**
**O. C. BESTER v. STATE**
**Court of Criminal Appeals of Alabama**
**362 So 1282362 So. 2d 1282; 1978 Ala Crim App LEXIS 13961978 Ala. Crim. App. LEXIS 1396**
**No. 3 Div. 933**
**October 3, 1978**

The Petitioner further alleges in his complaint that the part of the Indictment that the Trial court amended, does not state an offense; there is no where in the Code of Alabama 1975 where the Code section sites **13A-6-(a) 3**., as it is written in the trial court Judge's hand writing, therefore, that would make the entire Indictment Void on it's

face; and if the Indictment is in fact void, the Trial court had no Jurisdiction to render udgement, or to impose the sentence that he did, therefore, this would make McCray actually innocent of the crime for which he is convicted and sentenced;

**"If the first indictment was an attempt to charge first- degree perjury, it failed to charge an essential element of the offense, materiality, and was, therefore, void. Consequently, it would not toll the statutory limitations period for the return of the second indictment. <u>"The word 'void,' in its strictest sense, means that which has no force and effect</u>, is without legal efficacy, is incapable of being enforced by law, or has no legal or binding force." Black's Law Dictionary, 1573 (6th ed. 1990).</u> Since a void indictment has no legal effect, there was nothing to toll the statute of limitations. Cf. <u>State v. Fain</u>, 484 So. 2d 558, 559 (Ala. Crim. App. 1986 Consequently, the trial court erred in denying Zimlich's motion to dismiss the perjury charge. Therefore, we reverse the judgment of the trial court and render a judgment in favor of Zimlich."**

> **REVERSED AND JUDGMENT RENDERED.**
> **Wayne Zimlich v. State**
> **COURT OF CRIMINAL APPEALS OF ALABAMA**
> **872 So 2d 881872 So. 2d 881; 2003 Ala Crim App LEXIS 1632003 Ala. Crim. App. LEXIS 163**
> **CR-01-1706**
> **June 27, 2003, Released**

For this reason, the argument posed by the Attorney General's office that this is not an actual innocense claim would have to fail, and this Petitioner is entitled to review by this court;

The Attorney General also contends that the Petitioner has established his right to equitable tolling, and that the petition is time-barred;

McCray can not dispute the fact that his petition is time barred, however, as this Court is aware, as well as the Attorney General, the Court has given Appellate Attorney, Joseph W. Lewis several opporitunities to submit an affidavit and a copy of the letter that he sent to Mccray advising him "that his application for Rehearing had been Overruled, that the undersign Joseph W. Lewis was withdrawing as his Appellate Counsel and McCray would have (14) days from the date of the Overruling of his application for Rehearing to Petition the Supreme Court of alabama for Certiorari review;

Attorney Lewis has yet to respond to the Court's order,. however, to aid this Court in determining whether or not Attorney Lewis notified the Petitioner as to whether his Appeal had been affirmed, and his Application for rehearing had been overruled, the Petitioner will submitt a copy of the steps that he took, to find out that his Appeal/and rehearing was affirmed.

The enclosed documents, and the response from the Alabama court of Criminal

Appeals will prove that Attorney Lewis never notified this Petitioner that the Application for Rehering had been overruled  {**SEE ATTACHED EXHIBITS**} (**1, 2, 3, 4**)

In the instant case, Equitable tolling should be applied because, the appointed Appellate Counsel prevented McCray from filing his  Petition for Writ of Certiorari in the Alabama supreme court, in accordance with the holdings of the United States Supreme Court in **O'SULLICAN V. BOERCKEL, 144 Led 2d 1 (1999)**, and Counsel knew or reasonable should have known that, he was blocking the Petitioner's rights to redress , in the Alabama supreme Court and the Federal District Court, and possibly the 11th Circuit court of Appeals.

The 11th Circuit Court of Appeals, and this Court has held that;

**"In the Eleventh Circuit, equitable tolling is applicable "only upon finding an inequitable event [that] prevented plaintiff's timely action." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted). The Eleventh Circuit has summarized the doctrine as follows:**

**The interests of justice are most often aligned with the plaintiff when the defendant misleads her [or him] into allowing the statutory period to lapse (citations omitted); when she [or he] has no reasonable way of discovering the wrong perpetrated against her [or him] (citations omitted); or when she [or he] timely files a technically defective pleading and in all other respects acts with "'the proper diligence . . . which . . . statutes of limitations were intended to insure.'" (citations omitted). The interests of justice side with the defendant when the plaintiff does not file her [or his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running (citations omitted); and, of course, when she fails to act with due diligence (citations omitted). It bears emphasizing, however, that due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling. The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly. (citations omitted). Though his dereliction be only incidental, a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. "Principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." (citations omitted).**
**6 F.3d at 1479-80. Applying these principles to the present case, the court finds that equitable tolling does not apply because Petitioner provides no grounds for applying the doctrine."**
**TERRY WAYNE McLESTER, Petitioner, v. JOE S. HOPPER, Comm'r of the Ala. Dep't of Corrections, et al., Defendants.**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION 67 F Supp 2d 130867 F. Supp. 2d 1308; 1999 US Dist LEXIS**


The Petitioner also claims that his Trial counsel was ineffective at trial for various

reasons, which are set fourth more clearly below;

(a) Counsel was ineffective during Trial for his failure to Object to the Amended Indictment, when he knew or reasonably should have known that the Indictment did not charge an offense, as set out above, and further allowed the district Attorney and the trial Court to amend the Indictment without the Petitioner's concent, **"on the record"**

(b) Counsel was further ineffective when he solicited testimony from one of the State's witnesses about the first Trial, in the presence of the Jury, allowing the Jury to know that McCray had been to Trial, and convicted in this case prior to this date; (**see rt.. 251, 303 , 308, 309,332, 334,335,**)

In order to prevail on an issue of Ineffective assistance of trial Counsel, a Defendant must meet the (2) prong test as set fourth in **82 LED2D 864, 467 US 1267  Strickland v Washington, [10]  A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.**

**"[2]  Our decisions have emphasized that the Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial."  Strickland v Washington, supra, at 684, 80 L Ed 2d 674, 104 S Ct 2052; Nix v Whiteside, 475 US 157, 175, 89 L Ed 2d 123, 106 S Ct 988 (1986) (noting that under Strickland, the "benchmark" of the right to counsel is the "fairness of the adversary proceeding"); United States v Cronic, 466 US 648, 653, 80 L Ed 2d 657, 104 S Ct 2039 (1984) ("Without counsel, the right to a trial itself would be of little avail") (internal quotation marks and footnote omitted); United States v Morrison, 449** See  **122 LED2D 180, 506 US 364  LOCKHART v FRETWELL A. L. LOCKHART, Director, Arkansas Department of Correction, Petitioner  vs. BOBBY RAY FRETWELL, 506 US 364, 122 L Ed 2d 180, 113 S Ct 838**

In the instant case, but for Counsel's preformance, the outcome of the Trial might would have been different;

## CONCLUSION

For the reasons stated herein, the Petitioner respectfully request that this Honorable Court will set this matter for an evidentiary hearing, or grant such other relief that this Court deems proper and just.

RESPECTFULLY SUBMITTED

*Willie McCray*

WILLIE McCRAY

## CERTIFICATE OF SERVICE

**I hereby certify I have served a copy of the foregoing on the parties listed below, by placing a copy of same in the United States Mail properly addressed and postage pre-paid this _6TH_ Day of ~~May~~, 2007**

June

**STATE OF ALABAMA**
      **OFFICE OF**
  **ATTORNEY GENERAL**
**11 SOUTH UNION STREET**
**MONTGOMERY, ALABAMA 36130-0152**

*Willie McCray*

**WILLIE McCRAY # 182709**
**ELMORE CORR. FACILITY**
**P.O. BOX 8**
**ELMORE, AL. 36025**



LLIE MCCRAY #        183709  A-1-91

ORE CORRECTIONAL FACILITY

BOX 8

MORE, ALABAMA 36025

OFFICE OF THE CLERK,
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
PO. BOX 711
MONTGOMERY, ALABAMA  36101-0711



3/8/02

March 8, 2002

Honorable Joseph W. Lewis
Attorney At Law
Byrd & Byrd
P.O Box 536
Dothan, Alabama    36302


Re:  Willie C. McCray
     Case Number:  CC-94-791    CC-94-792


Dear Mr. Lewis;


   This brief letter is to ask you for your assistance.  At present I'm in
the process of preparing for filing a "Petition For Relief From Conviction
Or Sentence" pursuant to Rule 32 A.R.CRIM.P.  and I only have One (1) year
from the date of tha last high court's decision in m  case which was decided
on direct appeal by the Alabama Court Of Criminal Appeals, which was by my
records, November 21, 2001.  I presently do not know whether you filed a
"Application For Rehearing" pursuant to Rule 40 A.R.A.P.  to the Alabama
Court Of Criminal Appeals, or whether you filed a "Petition For Writ Of
Certiorari" to the Alabama Supreme Court, as the time for filing both of
these documents have long expired.

   Mr. Lewis, I need very much to file this Rule 32 Petition, so that I may
stop the time from running on my "Petition For Writ Of Habeas Corpus" in
the Federal District Court, as pursuant to "28 USC § 2244 (d) (1)" which
states that ("A One (1) year period of limitations shall apply to an
application for a writ of habeas corpus by a person in custody pursuant to
the Judgement of a State court, the limitations period shall run from the
latest of   (2)  The time during which a properly filed application for
State Post Conviction or other collaterial review with respect to the pertinent
Judgement or claim is pending shall not be counted toward any period of
limitations under this subsection.

It is very clear, that I must file my Post Conviction Petition, within One (1) year, to be able to file a Petition For Writ Of Habeas Corpus in the Federal District Court, raising the claims that you raised on direct appeal, as well as any claims that I may have in the State court under the provisions of Rule 32 A.R.CRIM.P.

The drift of this letter is to ask you to please forward to me copies of the following documents, which these documents are needed in order for me to properly file my Post Conviction Petition.

1. Trial Transcript  (Copy)

2. Appellant's Brief  (Copy)

3. Appellee's Brief  (Copy)

4. Appellants Reply Brief  (Copy)

5. Alabama Court Of Criminal Appeals Decision (Direct Appeal) (Copy)

6. Application For Rehearing/Brief, (If applicable)  (Copy)

7. Petition For Writ Of Certiorari/Brief  (If applicable) (Copy)


I'm asking that you please, at your earliest possible convience, forward the above referenced documents to me, your cooperation in this matter would be so greatly appreciated in advance.


Sincerely Yours



*Willie McCray*

Willie C. McCray
AIS# 183709
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama  35023-7299

CC:  File

2

March 28, 2002

Alabama State Bar
Disciplinary Commission
Post Office Box 671
Montgomery, Alabama    36101

Re:  **Complaint**

Sub:  Honorable Joseph W. Lewis
      Attorney At Law
      Byrd & Byrd
      P.O Box 536
      Dothan, Alabama    36302

Dear Commission Board:

   This brief letter is to bring to your attention that I wrote to the
above attorney several times, requesting my trial transcripts, briefs
and etc, and this attorney refusses to write to me, I am in need of all
of my legal documents, in order to prepare litigation past the Alabama
Supreme Court, because once he files the last document in the Alabama
Supreme Court, he will no longer litigate my case any further.

   I have attached the last letter that I wrote to him asking him to
please forward to me all documents in my case filed by him, but he has not
complied with my request, therefore I have no other choice but to try to
have your office to order him to forward to me the copies I have asked for
over and over again but to no avail.

   Please let me know why this attorney will not forward to me the requested
documents, as he has no other use for same, after he files the last
document he intends to file, I will be awaiting your reply to this letter
with hopes that this attorney will forward all documents to me at his
earliest possible confience.

Sincerely Yours

Willie McCray

Willie C. McCray
AIS# 183709
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama    35023-7209

CC:  File

7

April 15, 2002

Alabama State Bar
Disciplinary Commission
Post Office Box 671
Montgomery, Alabama    36101

Re:  Complaint

Sub:  Honorable Joseph W. Lewis
      Attorney At Law
      Byrd & Byrd
      P.O Box 536
      Dothan, Alabama    36302

Dear Commission Board;

   This brief letter once again is to let you know that on March 28, 2002 I
wrote to your office with a complaint on attorney Lweis, for his failure to
forward my criminal documents to me. On April 9, 2002  your office wrote to
me and informed me that you had wrote to attorney Lewis and asked him to
forward the requested documents to me.

   Attorney Lewis did in fact forward some documents to me, but he sent me
a copy of the Trial Transcript only, there were no other documents sent to
me as I had requested earlier.

   I'm asking that you please inform attorney Lewis that I would like to have
all appellate briefs filed in my case, as well as any other appellate
documents filed by him, and the appellee.

   I need these documents in order to have access to the courts for a claim
that I am proceeding forward on, please let me know if this attorney will
in fact forward the rest of the documents to me It is very important that I
receive these documents.

Sincerely Yours

Willie C. McCray

Willie C. McCray
A IS# 183709
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama   35023-7299

CC:  File

5/14/02

May 12, 2002

b

Honorable Lane W. Mann
Clerk
Court Of Criminal Appeals
State Of Alabama
Judicial Building
300 Dexter Avenue
P.O Box 301555
Montgomery, Alabama   36130-1555

Re:  Case Number:    CR-00#0941

Dear Mr. Mann:

   I'm writing this letter to inquire into whether my attorney the honorable Joseph W. Lewis esq filed for a "Application For Rehearing" pursuant to Rule 39 A.R.A.P. In the above styled case, On November 21, 2001 this court entered a memorandum wherein it affirmed the appellants conviction and sentenc for his conviction of "Felony Murder" this was the second appeal taken by the appellant, on August 28, 1998 this honorable court reversed the appellant conviction in McCray V. State: 738 so 2d 911 (Ala. Crim. App. 1998).

   I have wrote attorney Lewis several letters asking whether he filed any further appeals in this case, including the Alabama State Bar, Mr. Lewis has to date, failed to inform me whether hehas filed any further appeals in this case.

   I'm asking for the record, would you please inform me, whether or not attorney Lewis has filed a Application For Rehearing in your court in the above referenced case, timely, or untimely.

   Your most prompt attention to this matter would be greatly appreciated

Sincerely Yours

*Willie McCray*

Willie C. McCray
A IS# 183709   B-101
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama   35023-7299

CC:   File

5/28/02

3

May 28, 2002

Honorable Robert G. Esdale, Sr.
Clerk
Supreme Court Of Alabama
300 Dexter Avenue
Montgomery, Alabama    36104-3741

Re:  Case Number:   CR-00-0241

Dear Mr. Esdale;

I'm writing this letter to inquire into whether my attorney the honorable Joseph W. Lewis  esq  filed for a "Petition For Writ Of Certiorari" pursuant to Rule 39 A.R.A.P.  In the above styled case.

Sir, on November 21, 2001  the Alabama Court Of Criminal Appeals entered a Memorandum wherein it affirmed the appellants conviction and sentence for his conviction of "Felony Murder" this was the second appeal taken by the appellant.

On August 28, 1998  the Alabama Court Of Criminal Appeals reversed the appellants conviction in McCray V. State; 738 so 2d 911 (Ala. Crim. App. 1998)  I have wrote to attorney Lewis several letters of inquire, asking whether he filed any further appeals in this case, including the Alabama State Bar Mr. Lewis has to date, failed to inform me whether he has filed any further appeals in this case.

I'm asking for the record, would you please inform me, whether or not attorney Lewis has filed a "Petition For Writ Of Certiorari" In your court inthe above referenced case, timely, or untimely, or not all.

Your most prompt attention to this matter would be so greatly appreciated

Sincerely Yours

Willie C. McCray
Willie C. McCray
AIS# 183709  S-101
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama     35023-7299

CC:   File

June 24, 2002

Honorable Robert G. Esdale, Se.
Clerk
Supreme Court Of Alabama
300 Dexter Avenue
Montgomery, Alabama    36104-3741

Re:  Case Number:  CR-00-0241

Dear Mr. Esdale;


   I'm writing this letter once again., In a follow up letter to the letter
I wrote to you on May 28, 2002, In which I have not yet received any reply

   It, Inquiring Into whether my attorney the honorable Joseph W. Lewis esq
filed a "Petition For Writ Of Certiorari" pursuant to Rule 39 A.R.A.P.  In
the above styled case.

   Sir, on November 21, 2001  the Alabama Court Of Criminal Appeals entered
a Memorandum wherein if affirmed the petitioner's conviction and sentence
for his conviction of "Felony Murder" this was the second appeal taken by
the appellant.

   I have wrote several letters to attorney Lewis asking whether he filed any
further appeals In my case, Including the Alabama State Bar Mr. Lewis has
to date, failed to Inform me whether he has filed any further appeals In my
case

   I'm asking once again for the record, will you please Inform me, whether
or not attorney Lewis has filed a Petition For Writ Of Certiorari In your
court In the above styled case. timely or untimely

                                 Sincerely Yours

                                 Willie C. McCray
                                 Willie C. McCray
                                 A IS# 183709   B-101
                                 William E. Donaldson Correctional Facility
                                 100 Warrior Lane
                                 Bessemer, Alabama    35023-7299

CC:  File

1    dropped.  I don't object to that.

2    THE COURT:  Is that it?

3    MR. CAPPS:  Right.

4    MR. VALESKA:  I won't object to that.

5    THE COURT:  Okay.

6    (At which time the following proceedings

7    were held in open court:)

8    Q    Once again, Mr. Clark, maybe I didn't phrase the

9    question quite properly.  But were you promised to

10   have any cases dismissed or dropped to get you to

11   come down here and testify?

12   A    No, sir.

13   Q    When you became a witness in this case, you were

14   interviewed by the Dothan Police Department; is

15   that correct?

16   A    Yes, sir.

17   Q    Where did they locate you to talk with you about

18   the case?

19   A    Originally?

20   Q    No.  After the case was going on.  Of course,

21   originally it was at the Country Market.  I'm

22   talking after that.

23   A    I was living in Tallahassee when the first trial

24   was to be -- you know, do the first trial.

25   Q    You were living in Tallahassee?

1    decide to answer a question now without a lawyer

2    present, you still have the right to stop

3    answering questions at any time.  And you also

4    have the right to stop answering questions at any

5    time to talk to a lawyer.  The waiver of the

6    rights I've read this statement of my rights and I

7    understand what my rights are and I am willing to

8    make a statement and answer questions.  I do not

9    want a lawyer at this time.  I understand and know

10    what I'm doing.  No promises or threats have been

11    made to me.  And no pressure of any kind has been

12    used against me to get me to make this statement.

13    Q    Now, did Willie C. McCray sign that?

14    A    Yes, sir.

15    Q    What was the date and time?

16    A    He signed it at eleven-thirty on 8-13 of '93.

17    Q    Did you sign it?

18    A    Yes, I did.

19    Q    Who else was present in the room when the waiver

20    was done?

21    A    No one.

22    Q    Now, did he agree to talk with you?

23    A    Yes, he did.

24    Q    Now, Lieutenant Devane, can you tell the ladies

25    and gentlemen of the jury, did he appear to be

1    state for the Record that the Defendant at no time

2    ~~was fully informed of the~~ rights he had -- ~~he had~~

3    ~~the right for an attorney to be present with him~~

4    ~~at this time. Although that says that on the~~

5    ~~statement, the waiver form, Lieutenant Devane was~~

6    ~~in the state of Florida and had no means of~~

7    ~~providing the Defendant with an attorney. He's~~

8    ~~already testified that he was the only one in the~~

9    ~~room with the Defendant and there was no other~~

10   ~~person there. He was outside the state of~~

11   ~~Alabama, outside the jurisdiction of this district~~

12   ~~attorney's office and the state of Alabama and had~~

13   ~~no authority with which to provide this Defendant~~

14   ~~an attorney.~~ There's already been testimony I

15   believe that there was an attorney present at a

16   lineup that did represent Mr. McCray through the

17   public defender's office down there in the state

18   of Florida.  It's obvious to me that that office

19   from the testimony we heard had a policy of

20   providing defendants attorneys in that state when

21   they were made aware that a defendant would be

22   possibly questioned and/or put in a lineup.  This

23   was not the case.  He was not given the right to

24   an attorney.  He was in the state of Florida, not

25   in the state of Alabama, and as such we'd ask the

1    Court to exclude that statement.

2        THE COURT: Mr. Valeska?

3                STANLEY DEVANE

4    having previously been sworn, was examined and

5    testified as follows:

6                DIRECT EXAMINATION

7    BY MR. VALESKA:

8    Q    ~~If I could, Lieutenant Devane, when you went~~ over

9    ~~his rights, did you offer~~ ~~~~~~~~~~~ce for

10   ~~attorney~~?

11   A    ~~Yes.~~

12   Q    The physical lineup had already been done or had

13   it not been done?

14   A    It had not been done at this time.

15   Q    Tell Judge White, if he wanted a lawyer before he

16   would have talked to you, would you have obtained

17   a lawyer there for him?

18   A    Yes, sir.

19   Q    At any time did he tell you he didn't want to talk

20   with you?

21   A    No, sir.

22   Q    At any time did he tell you he wanted to stop?

23   A    No, sir.

24   Q    So he signed the consent and agreed to talk with

25   you without having counsel; is that correct?

were held in open court:)

<u>MELANIE MCDOUGLE</u>

having first been duly sworn, was examined and testified as follows:

<u>DIRECT EXAMINATION</u>

BY MR. VALESKA:

Q    Just for the Record, you've been put under oath, correct, ma'am?

A    Yes, sir.

Q    Tell me your name, please, ma'am.

A    Melanie McDougle.

Q    ~~Ms. McDougle, if I could, previously, before coming in court today, years ago, did you have an opportunity to be~~ employed?

A    ~~Yes, I was.~~

Q    Were you employed in the media in any manner or fashion?

A    Yes, I was.

Q    Who did you work for?

A    WKMX.

Q    ~~Now, did you have the occasion to be present while prior testimony was given under oath in this very courtroom while the State of Alabama, I represented Willie C. McCray was present with his attorneys Jennifer~~ Atwell ~~and a Matt Lamere?~~

1    Q    In the presence of Willie McCray and his two

2         lawyers, ma'am, do you recall what question I was

3         asking Jeff Clark or what he said in Willie

4         McCray's hearing or presence testimony under oath

5         in this courtroom?

6    A    ~~Yes, sir. You had asked what the Defendant was~~

7         ~~wearing.~~

8    Q    And was there a response by Willie C. McCray at

9         the counsel table with his two lawyers that you

10        overheard in a public courtroom as to what he said

11        in response to that, if anything?

12   A    Yes, sir.  He said, I wasn't wearing no shorts.

13   Q    And would you tell the ladies and gentlemen of the

14        jury as being a reporter for KMX, were you also

15        writing down what was being said in the courtroom?

16   A    Yes, sir, I was.

17   Q    Did you write down his response?

18   A    Yes, sir, I did.

19   Q    ~~Was that brought to Mr. Lamere's and Ms. Atwell's~~

20        ~~and Willie C.~~ McCray's ~~attention as to what you~~

21        ~~had~~ overheard him say ~~publicly~~?

22   A    ~~Yes, sir.~~

23   Q    ~~Do you see Willie C. McCray~~ at the table?

24   A    ~~Yes, sir.~~

25   Q    Is that the man who said what you've indicated

1    that he wasn't wearing no shorts?

2  A    Yes, sir.

3         MR. VALESKA:  That's all I have.  I pass the

4    witness, Your Honor.

5                        CROSS EXAMINATION

6  BY MR. CAPPS:

7  Q    Ms. McDougle, you did not hear anything other than

8    that one statement; is that correct?

9  A    No, sir.

10        THE COURT:  You mean that the Defendant said?

11        MR. CAPPS:  Yes.  I'm sorry.  That's what we

12    were talking about.

13  Q    Is that correct?

14  A    I'm sorry.  I don't understand the question.

15  Q    Before that statement was made, did you hear the

16    Defendant say anything?

17  A    Yes, sir.

18  Q    After the statement was made, did you hear him say

19    anything?

20  A    No, sir.

21  Q    Did you testify in a previous trial?

22  A    Yes, sir.

23  Q    And once again, immediately before -- let me

24    qualify.  Immediately before the statement was

25    made that you allege here today, did you hear the