**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

2007 JUL -3  A 9: 5⁵

| | |
|---|---|
| **WILLIE MCCRAY, #183709,** | ) |
| | ) |
| **PETITIONER,** | ) |
| | ) |
| **VS.** | )**CASE NO.: 1:06-CV-1107-WKW** |
| | ) |
| **WILLIE THOMAS, ET AL,** | ) |
| | ) |
| **RESPONDENTS.** | ) |

## RESPONSE TO COURT'S ORDER

Comes now the undersigned Joseph W. Lewis, pursuant to the Court's order of June 19, 2007, and states as follows:

1.     Copies of pleadings the undersigned provided to Petitioner pursuant to Petitioner's requests of copies of documents necessary for preparation of his state post conviction petition are attached herewith.  The undersigned had previously provided the Petitioner with copies of all transcripts of trial proceedings wherein the Petitioner was Defendant previously.

Respectfully submitted this the __2__ day of July, 2007.

**BYRD, LEWIS & JONES, LLC**

JOSEPH W. LEWIS (LEW 048)
P.O. Box 536
Dothan, Alabama  36302
(334) 794-0759
(334) 792-0163 fax

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon the below named individual or individuals by either hand delivery or placing a copy of the same in the U.S. Mail, postage pre-paid and correctly addressed:  The Attorney General of the State of Alabama, Honorable Troy King, Alabama State House, Room 303, 11 South Union Street, Montgomery, Alabama 36130.

Dated this the 2 day of July , 2007.

JOSEPH W. LEWIS
**BYRD, LEWIS & JONES, LLC**
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

2



NO. 00-0241

# IN THE COURT OF CRIMINAL APPEALS

## STATE OF ALABAMA

WILLIE C. MCCRAY,      )
)
    APPELLANT,     )
)
VS.           ) ON APPEAL FORM THE
) HOUSTON COUNTY
STATE OF ALABAMA,   ) CIRCUIT COURT
) CC 94 – 791
    APPELLEE.     )

---

## APPLICATION FOR REHEARING

---

JOSEPH W. LEWIS
BYRD & BYRD
P.O. Box 536
Dothan, Alabama 36302
334-794-0759
334-792-0163 (fax)

Counsel for:
Willie C. McCray

# **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS.........................................   i

TABLE OF AUTHORITIES....................................   ii

APPLICATION FOR REHEARING........................   iv

STATEMENT OF THE CASE...............................   1

ISSUE PRESENTED FOR REVIEW......................   2

STATEMENT OF FACTS....................................   3

ARGUMENT....................................................   5

CONCLUSION.................................................   10

CERTIFICATE OF SERVICE...............................   11

# TABLE OF AUTHORITIES

PAGES

**_Anderson v. State_,**
507 So.2d 580 (Ala.Crim.App. 1987)..................... 5,8,9,10

**_Bryan v. State_,**
453 So.2d 765 (Ala.Crim.App. 1984).....................   7

**_Buffalow v. State_,**
219 Ala. 407, 123 So.2d 633 (1929).....................   7

**_Ex Parte Cobb_,**
703 So.2d 871 (Ala. 1996).................................   6

**_Miller v. State_,**
673 So.2d 819 (Ala.Crim.App. 1995)...................  10,11

**_Morrison v. State_,**
601 So.2d 165 (Ala.Crim.App. 1992)...................   10

**_ExParte Pfizer Inc._,**
746 So.2d 960 (Ala. 1999).................................   6

# **TABLE OF STATUTES**

PAGES

Code of Alabama, (1975),
    Title 13A, Section 13A-6-2.......................  2,5-9
           Section 13A-6-3.........................  5-8, 10

## STATEMENT OF THE CASE

This appeal arises from a criminal case in the Houston County Circuit Court, in which the appellant, Willie C. McCray, was convicted of Felony Murder.

The appellant was originally indicted by the August 1994 term of the Houston County Grand Jury, for the crime of Capital Murder.  (C. 25).  The appellant was tried in the Houston County Circuit Court for Capital Murder, and on September 6, 1995, was convicted of the lesser included crime of Felony Murder.  (C. 4).  This Court reversed that judgment on August 28, 1998.  (C. 29).

The appellant was retried in the Houston County Circuit Court in October, 2000, based upon an amended indictment charging Felony Murder.  (C. 25).  The appellant was convicted of Felony Murder on October 24, 2000.  (C. 114). The appellant was sentenced to 99 years in the penitentiary of the State of Alabama, ordered to pay a fine of $20,000.00, ordered to pay restitution to various parties in the amount of $31,558.75, and ordered to pay a victim's compensation fund assessment of $50.00.  (C. 114-115).  A Motion for New Trial was denied on December 14, 2000, and this appeal followed. (C. 130).

1

On November 21, 2001, this Court affirmed the appellant's conviction in a memorandum opinion. The Court held that because the appellant's trial counsel failed to object with particularity to the trial court's refusal to give a jury instruction on heat-of-passion manslaughter, the issue was not preserved for review. (Memorandum Opinion, at p. 3).

2

## ISSUE

Whether the trial erred in refusing to instruct the jury on heat-of-passion manslaughter, where the appellant was convicted of murder pursuant to Section 13A-6-2 of the Code of Alabama, and where there was evidence produced at trial from which the jury could have determined that the appellant caused the death of another person due to a sudden heat-of-passion caused by provocation recognized by law, before a reasonable time for the passion to cool and for reason to reassert itself.

3

## OF **THE FACTS**

The evidence presented at trial tended to show that on or about August 7, 1993, around 10:30 or 10:45 p.m., the applicant, Willie C. LeCroy entered the Country Market grocery store in Dothan, Alabama, carrying a brown paper grocery bag, which contained a semi-automatic handgun. (R. 237-138; 365-366). Another individual, also armed with a handgun, waited near the entrance/exit of the store, and watched the door. (R. 365).

The applicant went to the store's inner office, where the store's manager was along with the store's employees; another employee was working in the office. (R. 215-223; 237-242). The applicant told the employees he wanted money, and went into the safe, which could not be opened without a manager. (R. 219-123). The applicant then walked back out into the store. (R. 215; 2 ....

Every eyewitness to the shooting in this case testified that, at this point, the victim, Michael Scott, walked up to the applicant and struck him in the face. (R. 244; 367). Within ....... shot Mr. Scott, who died of the wound.

(R. 244; 367-368; 277).

The appellant's trial counsel moved the court, in writing and orally at trial, for a jury instruction on heat-of-passion manslaughter. (C. 112-113; R. 440). The trial court refused to give such an instruction on the grounds that manslaughter is not a lesser included offense of the crime with which the appellant was charged. (R. 440).

5

## **ARGUMENT**

The trial court erred in refusing to give a jury instruction on manslaughter, because there was sufficient evidence presented at trial to support a manslaughter conviction, pursuant to the precise statutory language set forth in Section 13A-6-3 of the Code of Alabama.

The Code of Alabama defines manslaughter, inter alia, as "...[the causation] of the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." ALA.CODE § 13A-6-3(a)(2) (1975).

This Court has held that it is prejudicial error for a trial court to fail to instruct the jury on the lesser included charge of manslaughter, where there is evidence presented at trial to support a reasonable theory that the defendant's conduct in bringing about another person's death was due to a sudden heat of passion caused by provocation recognized by law. Anderson v. State, 507 So.2d 580, 583 (Ala.Crim.App. 1987).

6

The trial court's rationale for refusing to give an instruction on heat-of-passion manslaughter in this case was that manslaughter is not a lesser included offense of felony murder. (R. 440).

This is not reconcilable with the exact wording of Alabama's manslaughter statute. The statute says that a person commits the crime of manslaughter if, in a heat-of-passion caused by legally recognized provocation, he "...causes the death of another person under circumstances that would constitute murder under Section 13A-6-2...." ALA.CODE § 13A-6-3(a)(2) (1975).

When the language of a statute is plain and unambiguous, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning; they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the legislature. Ex Parte Pfizer, Inc., 746 So.2d 960, 964 (Ala.1999); Ex Parte Cobb, 703 So.2d 871, 875 (Ala. 1996).

The appellant was indicted and convicted under Section 13A-6-2(a)(3) of the Code of Alabama. (C. 25; 114). The

7

jury therefore concluded that he "....cause [d] the death of another person under circumstances that would constitute murder under Section 13A-6-2...". In addition, it is clear from the record that there was evidence presented at trial in this case which would have allowed jurors to conclude that the appellant's conduct in causing the death of Mr. Scott, the victim, was due to a sudden heat-of-passion caused by legal provocation. A number of witnesses testified that Mr. Scott walked up to the appellant and struck him in the face, seconds before the appellant shot Mr. Scott. (R. 244; 367). This is arguably legal provocation, with regard to heat-of-passion manslaughter, under Alabama law. Bryan v. State, 453 So.2d 765 (Ala.Crim.App. 1984), quoting Buffalow v. State, 219 Ala. 407, 122 So.2d 633, 635 (1929).

This is squarely within the Alabama manslaughter statute. Had the legislature intended to except felony murder from treatment with regard to heat-of-passion killings under Section 13A-6-3, they could have done so. They did not. ALA.CODE § 13A-6-3(a)(2) (1975). A construction of this statute to mean exactly what it says necessarily means that

8

the statute contemplates felony murder to the same extent as any other type of murder under Section 13A-6-2, as warranting consideration by the jury as to whether there is sufficient evidence of heat-of-passion to convict a defendant of manslaughter rather than murder.

The trial court therefore erred in refusing to give a jury instruction on manslaughter. Anderson, at 583. The trial court's rationale that manslaughter is not a lesser included offense of felony murder is inconsistent with a construction of Section 13A-6-3 of the Code of Alabama to mean exactly what it says. The statute unequivocally treats all murder under Section 13A-6-2 as subject to jury deliberation with regard to manslaughter, where a defendant causes the death of another due to a sudden heat-of-passion caused by legal provocation, where the death is caused before a reasonable time for the passion to cool and reason to reassert itself. ALA.CODE § 13A-6-3(a)(2)(1975). There was ample evidence presented at trial to bring the appellant's conduct within this statutory definition of manslaughter. Both of the State's eyewitnesses testified that Mr. Scott struck the appellant in the face right

9

before the shot occurred.  (R. 244; 367).  One of these witnesses testified the shot came "three to five seconds" after Mr. Scott struck the appellant.  (R. 368).

The jury believed the appellant's conduct constituted murder under Section 13A-6-2(a)(3).  (C. 25; R. 499).  They therefore concluded he committed a crime "...under circumstances that would constitute murder under Section 13A-6-2...".  That fact, taken together with the evidence presented that the appellant was struck in the face by the victim seconds before the fatal shot, bring the appellant's conduct within the ambit of the manslaughter statute, and the jury should have been so instructed.  Anderson, at 583.

In affirming the appellant's conviction, this Court cited Miller v. State, 673 So.2d 819 (Ala.Crim.App 1995), wherein the Court held that "[t]he defendant is required to state with particularity the grounds of his objection to the court's refusal to give a requested charge."  Miller, at 820 (citing Morrison v. State, 601 So.2d 165, 178 (Ala.Crim.App. 1992).  The Court in Miller had found that the appellant had failed to preserve for review the trial court's refusal to give a jury instruction where

10

the appellant's objection at trial was, "[w]e are satisfied except for the failure to give the requested charge." Miller, at 820.

This case is distinguishable from Miller. Although Mr. McCray's trial counsel, as in Miller, excepted to the trial court's failure to give a manslaughter charge in one instance without particularly stating the reason for the exception, Mr. McCray's trial counsel had already stated, on the record, and based on evidence already in the record, why he thought a manslaughter charge was warranted. (R 380-81). The Court effectively refused to give the charge at that time. (R 382-83). When Mr. McCray's trial counsel told the Court, "[t]he Defense is satisfied with the exception [of] the others that we have previously mentioned that the Court refused", he thereby incorporated the particular reasons for asking for a manslaughter charge which had been placed on the record earlier in the trial proceedings.

Accordingly, the appellant prays this Court would reconsider its decision of November 21, 2001, affirming the appellant's conviction.

11

## CONCLUSION

The trial court erred in refusing to give a jury instruction on manslaughter. The trial court's rationale that manslaughter is not a lesser included offense of felony murder is inconsistent with a construction of Section 13A-6-3 of the Code of Alabama to mean exactly what it says. Because there was evidence presented at trial which would have allowed the jurors to determine that the appellant's actions in causing the death of Mr. Scott were due to a sudden heat-of-passion caused by legal provocation, the trial court's refusal to give the manslaughter instruction was prejudicial error, and the judgment of the trial court is due to be reversed. Anderson, at 583.

12

NO. 00-0241

## IN THE COURT OF CRIMINAL APPEALS OF THE

## STATE OF ALABAMA

| | |
|---|---|
| **WILLIE C. McCRAY,** | ) |
| | ) |
| **APPELLANT,** | ) |
| | ) |
| **VS.** | ) **ON APPEAL FROM THE** |
| | ) **HOUSTON COUNTY** |
| **STATE OF ALABAMA,** | ) **CIRCUIT COURT** |
| | ) **CC 94-791** |
| **APPELLEE.** | ) |

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon the below named individual by placing a copy of the same in the U.S. Mail, postage pre-paid and correctly addressed: The Attorney General of the State of Alabama, Honorable William Pryor, Alabama State House, Room 303, 11 South Union Street, Montgomery, Alabama 36130.

Dated this the 5ᵗʰ day of _December_, 2001.

_____
JOSEPH W. LEWIS (LEW 048)
Attorney for Appellant
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

13



NO. 00-0241

## IN THE COURT OF CRIMINAL APPEALS

## STATE OF ALABAMA

| | |
|---|---|
| WILLIE C. MCCRAY, | ) |
| | ) |
| APPELLANT, | ) |
| | ) |
| VS. | ) ON APPEAL FORM THE |
| | ) HOUSTON COUNTY |
| STATE OF ALABAMA, | ) CIRCUIT COURT |
| | ) CC 94 – 791 |
| APPELLEE. | ) |

---

## BRIEF OF APPELLANT

---

## ORAL ARGUMENT REQUESTED

**Joseph W. Lewis**
**BYRD & BYRD**
**P.O. Box 536**
**Dothan, Alabama 36302**
**334-794-0759**
**334-792-0163 (fax)**

**Counsel for:**
**Willie C. McCray**

## **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS..................................... i

TABLE OF AUTHORITIES................................... ii

STATEMENT OF THE CASE................................ 1

ISSUE PRESENTED FOR REVIEW........................ 2

STATEMENT OF FACTS.................................... 3

ARGUMENT................................................... 5

CONCLUSION................................................ 10

CERTIFICATE OF SERVICE............................... 11

i

# TABLE OF AUTHORITIES

PAGES

***Anderson v. State,***
507 So.2d 580 (Ala.Crim.App. 1987).................... 5,8,9,10

***Bryan v. State,***
453 So.2d 765 (Ala.Crim.App. 1984)....................   7

***Buffalow v. State,***
219 Ala. 407, 123 So.2d 633 (1929)....................   7

***Ex Parte Cobb,***
703 So.2d 871 (Ala. 1996)................................   6

***ExParte Pfizer Inc.,***
746 So.2d 960 (Ala. 1999)................................   6

## **TABLE OF STATUTES**

PAGES

Code of Alabama, (1975),
    Title 13A, Section 13A-6-2.......................... 2,5-9
              Section 13A-6-3.......................... 5-8, 10

## STATEMENT OF THE CASE

This appeal arises from a criminal case in the Houston County Circuit Court, in which the appellant, Willie C. McCray, was convicted of Felony Murder.

The appellant was originally indicted by the August 1994 term of the Houston County Grand Jury, for the crime of Capital Murder.  (C. 25).  The appellant was tried in the Houston County Circuit Court for Capital Murder, and on September 6, 1995, was convicted of the lesser included crime of Felony Murder.  (C. 4).  This Court reversed that judgment on August 28, 1998.  (C. 29).

The appellant was retried in the Houston County Circuit Court in October, 2000, based upon an amended indictment charging Felony Murder.   (C. 25).   The appellant was convicted of Felony Murder on October 24, 2000.  (C. 114). The appellant was sentenced to 99 years in the penitentiary of the State of Alabama, ordered to pay a fine of $20,000.00, ordered to pay restitution to various parties in the amount of $31,558.75, and ordered to pay a victim's compensation fund assessment of $50.00.  (C. 114-115).  A Motion for New Trial was denied on December 14, 2000, and this appeal followed. (C. 130).

1

## **ISSUE**

Whether the trial erred in refusing to instruct the jury on heat-of-passion manslaughter, where the appellant was convicted of murder pursuant to Section 13A-6-2 of the Code of Alabama, and where there was evidence produced at trial from which the jury could have determined that the appellant caused the death of another person due to a sudden heat-of-passion caused by provocation recognized by law, before a reasonable time for the passion to cool and for reason to reassert itself.

2

## **STATEMENT OF THE FACTS**

The evidence presented at trial tended to show that on or about August 7, 1993, around 10:30 or 10:45 p.m., the appellant, Willie C. McCray entered the Country Market grocery store in Dothan, Alabama, carrying a brown paper grocery sack, which contained a semi-automatic handgun.  (R. 237-238; 363-365).  Another individual, also armed with a handgun, positioned himself at the entrance/exit of the store, once the appellant was inside.  (R. 365).

The appellant entered the store's inner office, where the safe was located, with one of the store's employees; another employee was already in the office.  (R. 215-223; 237-242). The appellant told the two employees he wanted money, and was told the safe could not be opened without a manager.  (R. 219-222).  The appellant then walked back out into the store. (R. 223; 241-243).

The witnesses to the shooting in this case testified that, at that point, the victim, Michael Scott, walked up to the appellant and punched him in the face.  (R. 244; 367).  Within seconds, the appellant shot Mr. Scott, who died of the wound.

3

(R. 244; 367-368; 277).

The appellant's trial counsel moved the court, in writing
and orally at trial, for a jury instruction on heat-of-passion
manslaughter.  (C. 112-113; R. 440).  The trial court refused
to give such an instruction on the grounds that manslaughter
is not a lesser  included offense of the crime with which the
appellant was charged.  (R. 440).  The trial court later denied
a Motion for New Trial, based on the court's refusal to give a
jury charge on manslaughter.  (R. 509).

4

## **ARGUMENT**

The trial court erred in refusing to give a jury instruction on manslaughter, because there was sufficient evidence presented at trial to support a manslaughter conviction, pursuant to the precise statutory language set forth in Section 13A-6-3 of the Code of Alabama.

The Code of Alabama defines manslaughter, inter alia, as "...[the causation] of the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." ALA.CODE § 13A-6-3(a)(2) (1975).

This Court has held that it is prejudicial error for a trial court to fail to instruct the jury on the lesser included charge of manslaughter, where there is evidence presented at trial to support a reasonable theory that the defendant's conduct in bringing about another person's death was due to a sudden heat of passion caused by provocation recognized by law. Anderson v. State, 507 So.2d 580, 583 (Ala.Crim.App. 1987).

5

The trial court's rationale for refusing to give an instruction on heat-of-passion manslaughter in this case was that manslaughter is not a lesser included offense of felony murder. (R. 440).

This is not reconcilable with the exact wording of Alabama's manslaughter statute. The statute says that a person commits the crime of manslaughter if, in a heat-of-passion caused by legally recognized provocation, he "...causes the death of another person under circumstances that would constitute murder under Section 13A-6-2...." ALA.CODE § 13A-6-3(a)(2) (1975).

When the language of a statute is plain and unambiguous, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning; they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the legislature.    Ex Parte Pfizer, Inc., 746 So.2d 960, 964 (Ala.1999); Ex Parte Cobb, 703 So.2d 871, 875 (Ala. 1996).

The appellant was indicted and convicted under Section 13A-6-2(a)(3) of the Code of Alabama. (C. 25; 114). The

6

jury therefore concluded that he "....cause [d] the death of another person under circumstances that would constitute murder under Section 13A-6-2...". In addition, it is clear from the record that there was evidence presented at trial in this case which would have allowed jurors to conclude that the appellant's conduct in causing the death of Mr. Scott, the victim, was due to a sudden heat-of-passion caused by legal provocation. A number of witnesses testified that Mr. Scott walked up to the appellant and struck him in the face, seconds before the appellant shot Mr. Scott. (R. 244; 367). This is arguably legal provocation, with regard to heat-of-passion manslaughter, under Alabama law. Bryan v. State, 453 So.2d 765 (Ala.Crim.App. 1984), quoting Buffalow v. State, 219 Ala. 407, 122 So.2d 633, 635 (1929).

This is squarely within the Alabama manslaughter statute. Had the legislature intended to except felony murder from treatment with regard to heat-of-passion killings under Section 13A-6-3, they could have done so. They did not. ALA.CODE § 13A-6-3(a)(2) (1975). A construction of this statute to mean exactly what it says necessarily means that

7

the statute contemplates felony murder to the same extent as any other type of murder under Section 13A-6-2, as warranting consideration by the jury as to whether there is sufficient evidence of heat-of-passion to convict a defendant of manslaughter rather than murder.

The trial court therefore erred in refusing to give a jury instruction on manslaughter. Anderson, at 583. The trial court's rationale that manslaughter is not a lesser included offense of felony murder is inconsistent with a construction of Section 13A-6-3 of the Code of Alabama to mean exactly what it says. The statute unequivocally treats all murder under Section 13A-6-2 as subject to jury deliberation with regard to manslaughter, where a defendant causes the death of another due to a sudden heat-of-passion caused by legal provocation, where the death is caused before a reasonable time for the passion to cool and reason to reassert itself. ALA.CODE § 13A-6-3(a)(2)(1975). There was ample evidence presented at trial to bring the appellant's conduct within this statutory definition of manslaughter. Both of the State's eyewitnesses testified that Mr. Scott struck the appellant in the face right

8

before the shot occurred. (R. 244; 367). One of these witnesses testified the shot came "three to five seconds" after Mr. Scott struck the appellant. (R. 368).

The jury believed the appellant's conduct constituted murder under Section 13A-6-2(a)(3). (C. 25; R. 499). They therefore concluded he committed a crime "...under circumstances that would constitute murder under Section 13A-6-2...". That fact, taken together with the evidence presented that the appellant was struck in the face by the victim seconds before the fatal shot, bring the appellant's conduct within the ambit of the manslaughter statute, and the jury should have been so instructed. Anderson, at 583.

9

## **CONCLUSION**

The trial court erred in refusing to give a jury instruction on manslaughter. The trial court's rationale that manslaughter is not a lesser included offense of felony murder is inconsistent with a construction of Section 13A-6-3 of the Code of Alabama to mean exactly what it says. Because there was evidence presented at trial which would have allowed the jurors to determine that the appellant's actions in causing the death of Mr. Scott were due to a sudden heat-of-passion caused by legal provocation, the trial court's refusal to give the manslaughter instruction was prejudicial error, and the judgment of the trial court is due to be reversed. Anderson, at 583.

10

NO. 00-0241

## IN THE COURT OF CRIMINAL APPEALS OF THE

## STATE OF ALABAMA

| | |
|---|---|
| **WILLIE C. McCRAY,** | ) |
| | ) |
| **APPELLANT,** | ) |
| | ) |
| **VS.** | ) ON APPEAL FROM THE |
| | ) HOUSTON COUNTY |
| **STATE OF ALABAMA,** | ) CIRCUIT COURT |
| | ) CC 94-791 |
| **APPELLEE.** | ) |

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon the below named individual by placing a copy of the same in the U.S. Mail, postage pre-paid and correctly addressed: The Attorney General of the State of Alabama, Honorable William Pryor, Alabama State House, Room 303, 11 South Union Street, Montgomery, Alabama 36130.

Dated this the _25th_ day of _September_, 2001.

_____
JOSEPH W. LEWIS
Attorney for Appellant
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

11