IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE McCRAY, #183709, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CV-1107-WKW |
| | ) | |
| WILLIE THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie McCray ["McCray"], a state inmate, on December 11, 2006. In this habeas petition, McCray challenges convictions imposed upon him by the Circuit Court of Houston County, Alabama on October 24, 2000 for felony murder and first degree theft of property. By operation of law, these convictions became final in January of 2002.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because McCray's murder and theft convictions became final in January of 2002 -- after the effective date of the statute of limitations -- McCray must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

filed state post-conviction petition was pending in the state courts. The respondents acknowledge that McCray filed a state post-conviction petition on January 23, 2006.[2] However, they argue that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer* at 4-5; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, the court finds that McCray's § 2254 petition is precluded from federal review as McCray filed the petition outside the applicable period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. McCray was convicted of felony murder and first degree theft of property by the Circuit Court of Houston County, Alabama on October 24,

---

[2] Although the state court stamped the Rule 32 petition "filed" on February 3, 2006, McCray advised that he mailed this petition on January 23, 2006. *Respondents' Exhibit H* at 11 - *Rule 32 Petition* at 7. A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988). "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, January 23, 2006 is the appropriate date of filing for McCray's Rule 32 petition.

2000. The trial court imposed sentence upon McCray for these convictions on this same date. McCray filed a direct appeal and the Alabama Court of Criminal Appeals affirmed the convictions by memorandum opinion on November 21, 2001. *Respondents' Exhibit D-Court Doc. No. 14-11*. McCray filed an application for rehearing which the state appellate court denied on December 21, 2001. On this same date, counsel prepared and mailed a letter to McCray which advised "that on December 21, 2001, the Alabama Court of Criminal Appeals overruled the Application for Rehearing.... You will have fourteen (14) days from that date to Petition the Supreme Court of Alabama for Certiorari. Also, please be advised that as of this date I am filing a Motion to Withdraw as your appellate counsel...." *December 21, 2001 Letter of Joseph W. Lewis to Petitioner - Court Doc. No. 32-2*. McCray "received [this] letter on the 3rd day of January, 2002." *Respondents' Exhibit 1 to the January 9, 2007 Response - Court Doc. No. 38-2 -- Petitioner's January 3, 2002 Motion for Appointment of Counsel filed in the Alabama Court of Criminal Appeals*. Despite his knowledge of the appellate court's denial of his application for rehearing and counsel's withdrawal from his case, McCray did not further appeal his murder and theft convictions and the Alabama Court of Criminal Appeals therefore issued the certificate of judgment on January 8, 2002.[3] Since McCray failed to seek relief from

---

[3] Where further action is not undertaken upon denial of an application for rehearing by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's order denying the application. Rule 41(a), *Alabama Rules of Appellate Procedure*.

the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of his murder and theft convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002). Thus, McCray's murder and theft convictions became final, at the latest, on January 8, 2002-- upon issuance of the certificate of judgment -- and the one-year limitation period contained in section 2244(d)(1)(A) therefore began to run on January 9, 2002.[4]

### A. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

---

[4] "[T]he day of the act [or] event ... from which the designated period of time begins to run shall not be included" in computing the running of the limitation period. Rule 6(a), *Federal Rules of Civil Procedure*.

diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).

McCray asserts he is entitled to equitable tolling of the limitation period until the time he received notice that the direct appeal process had been completed. In support of this argument, McCray maintains that he did not receive notice of the denial of his direct appeal until May of 2002 when the Clerk of the Alabama Court of Criminal Appeals advised him in a letter that his application for rehearing had been denied. However, this assertion is refuted by pleadings filed by McCray in the state courts. Specifically, in a motion for appointment of counsel filed by McCray on January 3, 2002 with the Alabama Court of Criminal Appeals, McCray states he received counsel's December 21, 2001 "letter on the 3rd day of January, 2002" in which counsel advised that "on the 21st day of

December, 2001, his application for rehearing was denied ..." and counsel "informed Appellant he's filing a motion to withdraw as Appellant's counsel." *Respondents' Exhibit 1 to the January 9, 2007 Response - Court Doc. No. 38-2 --Petitioner's January 3, 2002 Motion for Appointment of Counsel filed in the Alabama Court of Criminal Appeals.* In this letter, counsel also specifically advised McCray that he had fourteen (14) days from denial of the application for rehearing to file a petition for writ of certiorari with the Alabama Supreme Court. Moreover, in a March 8, 2002 letter to appellate counsel, McCray advised he was in the process of preparing a Rule 32 petition, referenced the memorandum opinion issued by the Alabama Court of Criminal Appeals on November 21, 2001 denying his appeal and acknowledged both the state and federal periods of limitation applicable to post-conviction actions. *Petitioner's Attachment to the June 11, 2007 Response - Court Doc. No. 30-2 at 1-2.*

      The evidentiary materials filed in this case demonstrate that on December 21, 2001 counsel mailed McCray a letter advising McCray that the Alabama Court of Criminal Appeals had on such date denied his application for rehearing and that the direct appeal process would conclude fourteen (14) days from such denial if McCray failed to file a *pro se* petition for writ of certiorari with the Alabama Supreme Court. McCray conceded in a motion filed with the Alabama Court of Criminal Appeals that he received this letter on January 3, 2002. Under the circumstances of this case, the court finds that McCray is not

entitled to an equitable tolling of the limitation period as he received notice on January 3, 2002 that his direct appeal would become final on January 4, 2002, absent his *pro se* submission of a petition for writ of certiorari with the Alabama Supreme Court. McCray did not file a petition for writ of certiorari or motion for extension of time to file such a petition and, instead, submitted a motion for appointment of counsel with the Alabama Court of Criminal Appeals, which the appellate court summarily denied.

To the extent McCray argues equitable tolling is warranted because (i) counsel failed to properly exhaust his claims on direct appeal, (ii) he relied on inmate assistance in preparing his post-conviction actions, and (iii) he is unlearned in the law, these arguments likewise do not entitle McCray to equitable tolling of the one-year period of limitation. Initially, the court notes that any alleged failure of counsel to present claims during the direct appeal process fails to justify equitable tolling as the actions of appellate counsel do not establish any impediment to McCray filing a timely habeas petition in this court. Additionally, a petitioner's reliance on the assistance and/or erroneous advice of a fellow inmate fails to establish extraordinary circumstances necessary to excuse compliance with a statute of limitations. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Moreover, the law is well settled that

7

an inmate's ignorance of the law "is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997); *Marsh*, 223 F.3d at 1220 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

### B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Despite his awareness of the applicable state and federal periods of limitation and his gaining knowledge on January 3, 2002 of counsel's decision not to pursue the direct appeal beyond the appellate court's denial of the application for rehearing, McCray did not file his state post-conviction petition until January 23, 2006 - after expiration of § 2244(d)(1)(A)'s one-year period of limitation.[5] Thus, this petition did not serve to statutorily toll the limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481,

---

[5] As noted, McCray filed his Rule 32 petition in the state court on January 23, 2006 -- over three years after expiration of § 2244(d)'s one-year period of limitation.

148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

  Based on the above referenced facts and in accordance with applicable federal law, the court concludes that the limitation period began to run on January 9, 2002 and ran uninterrupted until it expired on January 9, 2003. Although McCray filed a Rule 32 petition on January 23, 2006 challenging his Houston County convictions, this petition was not pending during the running of the federal limitation period as is required to allow statutory tolling under 28 U.S.C. § 2244(d)(2). In light of the foregoing, the state post-conviction petition filed by McCray on January 23, 2006 had no affect on the running of the limitation period applicable to this federal petition for habeas corpus relief because the limitation period expired in January of 2003 several years prior to McCray filing his state post-conviction petition. *Webster*, 199 F.3d at 1259.

McCray filed the instant federal habeas petition on December 11, 2006. Under the facts and circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired in January of 2003. The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) therefore expired over three years prior to McCray filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before July 31, 2007 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 11th day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE