IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE MCCRAY,<br>AIS #183709, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CV-1107-WKW |
| | ) | |
| WILLIE THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie McCray ["McCray"], a state inmate, on December 11, 2006.[1]  In this petition, McCray identifies the challenged convictions as those imposed upon him by the Circuit Court of Houston County, Alabama on October 24, 2000 for felony murder and first degree theft of property.[2]  By operation of law, these convictions became final in January of 2002.

---

[1]Although the Clerk entered the petition filed on December 14, 2006, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  McCray certified he executed the *in forma pauperis* affidavit, a document simultaneously submitted with the habeas petition, on December 11, 2006.  *Affidavit in Support of Request to Proceed In Forma Pauperis - Court Doc. No. 2* at 2.  The record is devoid of evidence indicating any other date of submission for mailing.  The court therefore assumes McCray delivered these documents to prison authorities the day he signed the application to proceed without payment of fees. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers December 11, 2006 as the date of filing.

[2]The claims raised by McCray relate solely to his conviction for felony murder.

## I.  INTRODUCTION AND PROCEDURAL HISTORY

On September 2, 1994, a Houston County Grand Jury issued indictments against McCray for the capital offense of murder during the course of a robbery in the first degree in violation of *Ala. Code* § 13A-5-40(a)(2), and first degree theft of property in violation of *Ala. Code* § 13A-8-3.[3]  The State presented evidence at trial that "[o]n the evening of August 6, 1993, McCray and an accomplice stole an automobile belonging to Frank Edwards and drove to the Country Market  grocery store in Dothan.  As his accomplice stood by the exit, McCray, armed with a pistol, entered the store and demanded that he be given the money from the store safe.  During the robbery, Michael Scott, a customer who had been waiting in the check-out line, struck McCray in the face, whereupon McCray shot Scott in the face.  McCray and his accomplice fled the scene, firing their guns as they left.  Scott ... died four days later from the gunshot wound to his face."  *McCray v. State*, 738 So.2d 911, 912 (Ala.Cr.App. 1998).  On September 5, 1995, a jury convicted McCray of felony murder as a lesser included offense of capital murder and first degree theft of property as charged in the indictment.  On direct appeal, the Alabama Court of Criminal Appeals reversed these convictions based on the trial court's error in denying McCray's

---

[3]The capital murder indictment charged "McCray ... did intentionally cause the death of Michael Scott by shooting him in the face and causing his death at the time [McCray] was in the course of committing a robbery, the property of Higdon Grocery Company, Inc., ... doing business as Country Market, in violation of 13A-5-40(a)2 of the Code of Alabama...."  *Respondents' Exhibit A - Court Doc. No. 14-2* at 30.  The theft indictment charged "McCray ... did knowingly obtain or exert unauthorized control over a motor vehicle ... the property of Frank Edwards with the intent to deprive the owner of said motor vehicle, in violation of 13A-8-3 of the Code of Alabama."  *Id*. at 30.

2

*Batson* motion and remanded the case for a new trial. *McCray v. State*, 738 So.2d 911, 916 (Ala.Cr.App. 1998).

Since the first jury convicted McCray of the lesser included offense of felony murder, the second jury at re-trial could consider only a charge of felony murder against McCray as jeopardy had attached to the capital murder charge upon his implied acquittal for the capital offense. *Diaz v. Secretary for Dept. of Corrections*, 285 Fed. Appx. 589, 593 (11th Cir. 2008), citing *Green v. United States*, 355 U.S. 184, 189-191 (1957), ("[A] defendant is impliedly acquitted of a greater charged offense when a jury returns a verdict convicting him of a lesser-included offense."); *Price v. Georgia*, 398 U.S. 323, 329 (1970) (Defendant charged with first degree murder and convicted of manslaughter could not be retried for first degree murder upon reversal of the manslaughter conviction because "jeopardy for an offense continues after acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge."). Upon remand, the trial court amended the indictment to reflect the lesser included offense for which the jury convicted McCray in September of 1995. At the beginning of the proceedings on re-trial, the State advised the jury that McCray stood charged with felony murder and theft of property but correctly did not mention the original capital murder charge.

During retrial before a jury in the Circuit Court of Houston County, Alabama, the State presented evidence which established "that on August 6, 1993, [McCray] and an

accomplice stole an automobile belonging to Frank Edwards and drove to the Country Market grocery store in Dothan. [McCray], armed with a pistol, entered the store while his accomplice stood by the exit. [McCray] demanded two store employees to retrieve the money from the store safe. During the robbery, Michael Scott, a customer ..., struck [McCray] in the face, whereupon [McCray] shot Scott in the face. [McCray] and his accomplice fled the scene while firing their guns as they left. Scott died four days later as a result of the gunshot to his face." *Respondents' Exhibit D (Memorandum Opinion of Alabama Court of Criminal Appeals on Direct Appeal from Retrial) - Court Doc. No. 14-11* at 1-2. Based on this evidence, the jury convicted McCray of felony murder and first degree theft of property on October 24, 2000. The Alabama Court of Criminal Appeals affirmed these convictions on November 21, 2001. *Id*. McCray filed an application for rehearing which the appellate court denied on December 21, 2001. *Respondents' Exhibit F - Court Doc. No. 14-13*. McCray did not further appeal his convictions and the Alabama Court of Criminal Appeals therefore issued the certificate of judgment on January 8, 2002.[4]

On January 23, 2006, McCray filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*.[5] On April 9, 2006, the trial court conducted an

---

[4]Where further action is not undertaken upon denial of an application for rehearing by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's order denying the application. Rule 41(a), *Alabama Rules of Appellate Procedure*.

[5]The state court stamped the Rule 32 petition "filed" on February 3, 2006. However, McCray advised he placed this petition in the prison mail on January 23, 2006. *Respondents' Exhibit H - Court Doc. No. 14-15* at 11. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted this

evidentiary hearing on McCray's Rule 32 petition and denied the petition on this same day. *Respondents' Exhibit H - Court Doc. No. 14-15* at 29.  McCray appealed the trial court's decision and the Alabama Court of Criminal Appeals issued an unpublished opinion on October 27, 2006 affirming the denial of post-conviction relief.  McCray did not further appeal the denial of his Rule 32 petition and the appellate court therefore issued the certificate of judgment on November 17, 2006. *Respondents' Exhibit M - Court Doc. No. 14-20.*

On December 11, 2006, McCray filed the instant petition for habeas corpus relief in which he raises the following claims for relief:  (1) the conviction for felony murder is based on an illegal indictment as (i) the trial judge amended the indictment without petitioner's consent, striking the word "intentionally" and correcting the code section, and (ii) the district attorney did not present petitioner's case to the grand jury for re-indictment on felony murder;[6] (2) the district attorney used the word "intentionally" throughout his

---

rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, January 23, 2006 is the appropriate date of filing for McCray's Rule 32 petition.

[6]The state court record establishes that upon reversal of McCray's initial convictions and remand by the Alabama Court of Criminal Appeals, the trial judge amended the capital murder indictment to charge McCray with felony murder in accordance with the previous jury's determination of guilt for this lesser included offense.  Additionally, at re-trial, the district attorney advised the jury that McCray stood charged with only felony murder and theft.  Neither the district attorney nor the court referenced the original charge of capital murder for which McCray had previously been acquitted.

arguments to the jury regarding petitioner's shooting of Michael Scott when an intentional act is not a necessary element of felony murder; and (3) the trial court erred in refusing to charge the jury on manslaughter.

Pursuant to the orders of this court, the respondents filed answers in which they argue McCray's federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  28 U.S.C. § 2244(d)(1).[7] The respondents contend that because McCray's felony murder and theft convictions became final after the effective date of the federal statute of limitations McCray must have filed this § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state courts.  The respondents acknowledge that McCray filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, on January 23, 2006, but argue this Rule 32 petition had no effect on the running of the federal limitation period as McCray filed this state post-conviction petition after expiration of the applicable limitation period and, therefore, the state action was not "pending" during the requisite time period as is required by the provisions of 28 U.S.C. § 2244(d)(2) to warrant tolling. *Respondents' Answer - Court Doc. No. 14* at 4-5;  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*,

---

[7]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Hence, the respondents maintain McCray failed to file his § 2254 petition for habeas corpus relief prior to expiration of the one-year period of limitation set forth in 28 U.S.C. § 2241(d)(1).

Based on the limitation defense set forth by the respondents, the court entered two orders advising McCray of his failure to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of January 31, 2007 - Court Doc. No. 15*; *Order of July 11, 2007 - Court Doc. No. 39*. Each of the orders provided McCray an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. In response to these orders, McCray contends that this court should ignore the untimeliness of his petition because failure to address the merits of his claims will result in a fundamental miscarriage of justice, as he is actually innocent of felony murder. In support of this claim, McCray maintains that his shooting of Michael Scott was merely an accident caused by Scott's striking McCray in the face. McCray also argues that the court should allow equitable tolling of the limitation period due to errors by counsel on direct appeal, his own lack of legal knowledge and his reliance on the advice of an inmate law clerk. Under well-settled law, these assertions do not entitle McCray to relief from application of the one-year period of limitation. Consequently, McCray failed to file his § 2254 petition for writ of habeas corpus relief within the requisite limitation period.

Upon review of the pleadings filed by the parties, the undisputed state court records and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as McCray failed to file the petition within the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).

## II. DISCUSSION

### A. Actual Innocence - Independent Claim

McCray argues that he is entitled to federal habeas relief because he accidentally shot the victim and, thus, is actually innocent of felony murder.  The law is well-settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, McCray is entitled to no relief from this court on any independent claim of actual innocence.

### B. Actual Innocence - Gateway to Excuse Time Bar

This court must determine whether McCray has made a showing of actual innocence before addressing the respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable

in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

McCray's allegation of actual innocence is not based on new evidence. McCray presented the defense of accidental shooting to the jury during his trial, testifying that the victim grabbed the firearm, causing an accidental discharge of the weapon into the victim's face. McCray has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The court therefore concludes that the petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

## C. The Federal Period of Limitation

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. McCray was convicted of felony murder and first degree theft of property by the Circuit Court of Houston County, Alabama on October 24, 2000. The trial court imposed sentence upon McCray for these convictions on this same date. McCray filed a direct appeal and the Alabama Court of Criminal Appeals affirmed the convictions by memorandum opinion on November 21, 2001. *Respondents' Exhibit D- Court Doc. No. 14-11*. McCray filed an application for rehearing which the state appellate court denied on December 21, 2001. On the same date, counsel prepared and mailed a

letter to McCray which advised "that on December 21, 2001, the Alabama Court of Criminal Appeals overruled the Application for Rehearing....  You will have fourteen (14) days from that date to Petition the Supreme Court of Alabama for Certiorari.  Also, please be advised that as of this date I am filing a Motion to Withdraw as your appellate counsel...."  *December 21, 2001 Letter of Joseph W. Lewis to Petitioner - Court Doc. No. 32-2*.  McCray concedes receipt of this "letter on the 3rd day of January, 2002." *Respondents' Exhibit 1 to the January 9, 2007 Response - Court Doc. No. 38-2 -- Petitioner's January 3, 2002 Motion for Appointment of Counsel filed in the Alabama Court of Criminal Appeals*.  Despite his knowledge of the appellate court's denial of his application for rehearing and counsel's withdrawal from his case, McCray did not further appeal his murder and theft convictions or seek an extension of time to do so; rather, McCray simply filed a motion for appointment of counsel.  The Alabama Court of Criminal Appeals therefore issued the certificate of judgment on January 8, 2002.  Since McCray failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of his murder and theft convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ

of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002).  Thus, McCray's murder and theft convictions became final, at the latest, on January 8, 2002 , upon issuance of the certificate of judgment,  and the one-year limitation period contained in section 2244(d)(1)(A) therefore began to run on January 9, 2002.[8]

 **1.  Equitable Tolling.**  McCray presents various arguments relative to equitable tolling of the limitation period.  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The

---

[8]The day of the act, event, or default from which the designated period of time begins to run shall be excluded in computing the running of the limitation period.  Rule 6(a), *Federal Rules of Civil Procedure*.

burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).

McCray argues entitlement to equitable tolling of the limitation period until the time he received notice that the direct appeal process had been completed. In support of this argument, McCray initially maintained he did not receive notice of the denial of his direct appeal until May of 2002 when the Clerk of the Alabama Court of Criminal Appeals advised him in a letter that his application for rehearing had been denied. However, this assertion is clearly refuted by pleadings filed by McCray in the state courts. Specifically, in a motion for appointment of counsel filed by McCray on January 3, 2002 with the Alabama Court of Criminal Appeals, McCray states that he received counsel's December 21, 2001 "letter on the 3rd day of January, 2002" and that counsel advised that "on the 21st day of December, 2001, his application for rehearing was denied ...," and counsel "informed Appellant he's filing a motion to withdraw as Appellant's counsel." *Respondents' Exhibit 1 to the January 9, 2007 Response - Court Doc. No. 38-2 -- Petitioner's January 3, 2002 Motion for Appointment of Counsel filed in the Alabama Court of Criminal Appeals.* In this letter, counsel also specifically advised McCray that he had fourteen days from denial of the application for rehearing, or until January 4, 2008, to file a petition for writ of certiorari with the Alabama Supreme Court. Moreover, in a March 8, 2002 letter to appellate counsel, McCray advised that he was in the process of preparing

13

a Rule 32 petition, referenced the memorandum opinion issued by the Alabama Court of Criminal Appeals on November 21, 2001 denying his appeal, and acknowledged both the state and federal periods of limitation applicable to post-conviction actions. *Petitioner's Attachment to the June 11, 2007 Response - Court Doc. No. 30-2* at 1-2.

The evidentiary materials filed in this case demonstrate that on December 21, 2001 counsel mailed McCray a letter advising McCray that the Alabama Court of Criminal Appeals had on that date denied his application for rehearing and that the direct appeal process would conclude fourteen (14) days from such denial if McCray failed to file a *pro se* petition for writ of certiorari with the Alabama Supreme Court. McCray conceded in a motion filed with the Alabama Court of Criminal Appeals that he received this letter on January 3, 2002. McCray now also acknowledges receipt of counsel's letter but advises that he did not read the letter, as he immediately provided the letter to the inmate law clerk assisting him in the preparation of pleadings. *Petitioner's July 26, 2007 Response - Court Doc. No. 40* at 1. Under the circumstances of this case, the court finds that McCray is not entitled to an equitable tolling of the limitation period past January 8, 2002 -- the date the appellate court issued the certificate of judgment on direct appeal -- as he received notice on January 3, 2002 that his direct appeal would become final on January 4, 2002, absent his *pro se* submission of a petition for writ of certiorari with the Alabama Supreme Court. McCray did not file a petition for writ of certiorari or seek an extension of time within which to file such a petition and, instead, filed a motion for appointment of counsel with

14

the Alabama Court of Criminal Appeals on January 3, 2002, which the appellate court summarily denied. After denial of this motion, McCray undertook no additional action relative to his direct appeal.[9]

McCray next argues that equitable tolling is justified because counsel failed to exhaust his claims on direct appeal and failed to provide documents to petitioner which prevented him from properly completing the direct appeal process. These assertions do not warrant equitable tolling as the failure of counsel and/or McCray to present claims during the direct appeal process does not establish an impediment to McCray's filing a timely habeas petition in this court.

With respect to McCray's assertion of his lack of legal knowledge as a basis for equitable tolling, he is likewise entitled to no relief. The law is well-settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a  pro se inmate, does not warrant equitable

---

[9]The court notes that even if it allowed equitable tolling until May of 2002 the federal limitation period still expired over three years prior to McCray filing this federal habeas petition.

tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

To the extent that McCray argues that equitable tolling is warranted because he relied on inmate assistance in preparing documents after denial of rehearing on direct appeal and/or in his post-conviction action, this assertion fails to provide a basis for such tolling. A petitioner's reliance on the assistance or erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary to excuse the untimely filing of a petition. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks does not warrant relief from procedural bar);

*Marsh*, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law.").

   2. **<u>Statutory Tolling</u>.**  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Despite his awareness of the applicable state and federal periods of limitation and gaining knowledge on January 3, 2002 of counsel's decision not to pursue the direct appeal beyond the appellate court's denial of the application for rehearing, McCray did not file his state post-conviction petition until January 23, 2006 - after expiration of § 2244(d)(1)(A)'s one-year period of limitation.[10] Thus, this petition did not serve to statutorily toll the limitation period.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at 1381 ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. §

---

   [10]As noted, McCray filed his Rule 32 petition in the state court on January 23, 2006 -- over three years after expiration of § 2244(d)'s one-year period of limitation.

2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker*, 255 F.3d at 1335 n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Based on the above-referenced facts and in accordance with applicable federal law, the court concludes that the limitation period began to run on January 9, 2002 and ran uninterrupted until it expired on January 9, 2003.  Although McCray filed a Rule 32 petition on January 23, 2006 challenging his Houston County convictions, this petition was not pending during the running of the federal limitation period as is required to allow statutory tolling under 28 U.S.C. § 2244(d)(2).  In light of the foregoing, the state post-conviction petition filed by McCray on January 23, 2006 had no effect on the running of the limitation period applicable to this federal petition for habeas corpus relief because the limitation period expired in January of 2003, several years prior to McCray's filing his state post-conviction petition.  *Webster*, 199 F.3d at 1259.

**3.  <u>Expiration of the Limitation Period</u>**.  Based on the foregoing analysis, the court concludes that McCray has failed to present any credible basis for either equitable or statutory tolling of the limitation period.  The record is devoid of evidence that McCray's delay in filing the instant § 2254 petition resulted from extraordinary

circumstances beyond his control that were unavoidable with the exercise of diligence. The reasons set forth by McCray for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [McCray] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, McCray is not entitled to equitable tolling of the limitation period. Moreover, no basis exists for statutory tolling.

McCray filed the instant federal habeas petition on December 11, 2006. Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on January 9, 2003, over three years and eleven months prior to McCray filing this § 2254 petition. McCray has failed to show cause why his federal habeas petition should not be dismissed as untimely filed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Willie McCray be denied as McCray failed to file the petition within the one-year period of limitation set forth in 28

U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before December 14, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of December, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE